# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **DEMETRIC R. FAVORS,** | |
| Plaintiff, | |
| v. | **CIVIL ACTION FILE NO. _____** |
| **CITY OF ATLANTA,** a municipal corporation of the State of Georgia, | |
| Defendant. | |

## COMPLAINT

**COMES NOW** Plaintiff, DEMETRIC R. FAVORS, ("Plaintiff FAVORS"), and hereby files his Complaint against Defendant, CITY OF ATLANTA, ("Defendant CITY OF ATLANTA"), as follows:

## JURISDICTION AND VENUE

1.

This is an action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteen Amendments to the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

2.

Venue is proper in the Northern District of Georgia, Atlanta Division, as all acts complained of occurred in Fulton County, Georgia.  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and 1391.

3.

Plaintiff FAVORS seeks compensatory damages, interest and attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and/or malicious, intentional, and reckless acts of Defendant CITY OF ATLANTA.

**IDENTIFICATION OF PARTIES**

4.

Plaintiff FAVORS, at all relevant times, was a citizen of the United States and a resident of the County of Fulton, State of Georgia and is entitled to bring this action under Georgia law for all general, special, compensatory, and permissible damages.

5.

Defendant CITY OF ATLANTA is, and at all relevant times was a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies, practices, customs and regulations of the City of Atlanta Police Department; and for the hiring, training, supervision and discipline of agents, employees and police officers of the Atlanta Police Department.  Defendant CITY

OF ATLANTA may be served by serving Mayor Kasim Reed through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000, Atlanta, Georgia 30303.

6.

Plaintiff FAVORS pleads and states that Defendant CITY OF ATLANTA and their agents and employees, including but not limited to former CITY OF ATLANTA police officer Emanuel Thompson, ("Defendant Thompson"), acted willfully and wantonly toward Plaintiff FAVORS, proximately causing his injuries. Therefore, no immunity applies in this matter.

7.

Defendant CITY OF ATLANTA has exhibited a pattern and practice of ignoring and violating the rights of the citizens of Georgia, including Plaintiff FAVORS, which proximately caused physical and emotional injuries to Plaintiff FAVORS. Furthermore, Defendant CITY OF ATLANTA has negligently hired, supervised, disciplined, and trained their employees, including Defendant Thompson, despite their knowledge of the need to do so.

## **FACTUAL ALLEGATIONS**

8.

At all relevant times, Defendant Thompson was a sworn member of the City of Atlanta Police Department, and was acting under the color and pretense of the

statutes, ordinances, regulations, customs, and usages of the State of Georgia and the CITY OF ATLANTA police department, where he was under the authority of their office and within the scope of his employment as a police officer, to include any authorized off-duty work. In addition, Defendant Thompson was acting for the benefit of MAGIC CITY (an adult entertainment club in Atlanta) and within the scope of his employment as a security officer.

9.

On October 10, 2015, Plaintiff FAVORS, along with several friends, were customers and invitees at a gentleman's club called MAGIC CITY, located at 241 Forsyth Street, SW, Atlanta, Georgia 30303. On that day, Defendant Thompson was employed as a police officer with the CITY OF ATLANTA and was working an approved off-duty job providing security at MAGIC CITY.

10.

On the day in question, while at MAGIC CITY, Plaintiff FAVORS and his friends were eating food inside the club when an altercation broke out, which prompted Plaintiff FAVORS and his friends to leave the club. Upon leaving the club, Plaintiff FAVORS and his friends entered their car that was parked in the parking lot that was being secured and patrolled by Defendant Thompson.

11.

As Plaintiff FAVORS and his friends were driving out of the parking lot of the club, Defendant Thompson fired shots into their vehicle striking Plaintiff FAVORS in his right leg and on the right side of his hip. As a result, Plaintiff FAVORS suffered severe traumatic physical and emotional injuries, which resulted in him being transported by ambulance to Grady Hospital.

12.

Prior to and during the time Defendant Thompson discharged his firearm into the vehicle where Plaintiff FAVORS was a passenger, neither Plaintiff FAVORS nor his friends in the vehicle had committed any crimes, they were not armed, nor did they pose any threat of death or serious injury to Defendant Thompson or anyone else.

13.

Prior to and during the time Defendant Thompson discharged his firearm, into the vehicle where Plaintiff FAVORS was a passenger, neither Plaintiff FAVORS nor his friends in the vehicle had engaged in any illegal or criminal activity that justified Defendant Thompson's use of his firearm.

14.

At the time of his injuries, Plaintiff FAVORS was a citizen and resident of the

County of Fulton, in the State of Georgia and in the United States of America. At all times relevant herein, Plaintiff FAVORS had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

15.

Defendant Thompson's actions of shooting into the car where Plaintiff FAVORS was a passenger was a violation of Plaintiff FAVORS' civil rights under both the United States Constitution and the United States Code, including the use of excessive and deadly force in violation of due process.

16.

Upon information and belief, the CITY OF ATLANTA, including the City of Atlanta Police Department and its supervisors, have maintained a system of review and discipline of police officer misconduct that is so untimely and cursory as to be ineffective, and which permits and tolerates the unreasonable excessive and deadly use of force by police officers.

17.

The acts, omissions, systemic flaws, policies, and customs of the CITY OF ATLANTA, through the City of Atlanta Police Department, and its supervisors, have caused police officers employed by the CITY OF ATLANTA, including Defendant

Thompson, to believe that any use of excessive and unreasonable force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against innocent citizens such as Plaintiff FAVORS.

18.

Pursuant to U.S.C. § 1983, the intentional and reckless shooting of Plaintiff FAVORS without legal justification by Defendant Thompson was in violation of the rights of Plaintiff FAVORS as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution, for which the CITY OF ATLANTA is liable.

19.

The intentional and reckless shooting of Plaintiff FAVORS by Defendant Thompson when Plaintiff FAVORS was unarmed, in a vehicle, and posed no threat of death or grievous bodily injury to Defendant Thompson or others, and when Defendant Thompson had no lawful authority to use deadly or non-deadly force against Plaintiff FAVORS, was done with actual malice toward Plaintiff FAVORS and with willful and wanton indifference to, and deliberate disregard for the statutory rights of, Plaintiff FAVORS.

## COUNT ONE:  42 U.S.C. § 1983 – MONELL LIABILITY
### (CLAIM FOR COMPENSATORY DAMAGES)

20.

Plaintiff re-alleges and incorporates paragraphs 1-19 of the Complaint as though they were fully set forth herein.

21.

It was the policy and practice of the CITY OF ATLANTA and the City of Atlanta Police Department to employ certain police officers, including Defendant Thompson, that were prone to using unreasonable and excessive force against innocent citizens.

22.

For a significant period leading up to the shooting of Plaintiff FAVORS, the CITY OF ATLANTA and the Atlanta Police Department have had a persistent and widespread practice of condoning, ratifying, and authorizing certain officers, including Defendant Thompson, to cover up and justify the use of excessive force despite the lawful authority to use such force. Further, the CITY OF ATLANTA and the Atlanta Police Department were aware of, and deliberately indifferent to, this widespread and systemic corruption within the Atlanta Police Department. Further, their deliberate indifference allowed said corruption to flourish and increase in the

years leading up to the shooting of Plaintiff FAVORS. Such custom, policy, and practice was the driving force leading to the violation of Plaintiff FAVORS' civil rights, as described herein.

23.

Defendant CITY OF ATLANTA is engaged in a persistent and widespread practice of allowing Atlanta Police Department officers to use unreasonable and deadly force without justification. Further, Defendant CITY OF ATLANTA has been deliberately indifferent to this practice and custom within the Atlanta Police Department, thereby allowing the deprivation of Plaintiff FAVORS' civil rights, as described herein.

24.

Defendant CITY OF ATLANTA is engaged in a persistent and widespread practice of allowing the Atlanta Police Department officers to violate the Atlanta Police Department's own policies and procedures. Further, Defendant CITY OF ATLANTA is deliberately indifferent to this practice and custom within the Atlanta Police Department, by failing to enforce policies; failing to properly train; failing to properly discipline; and thus, creating a culture within the Atlanta Police Department wherein violating citizen's civil rights is not only tolerated, but also encouraged; thereby allowing the deprivation of Plaintiff FAVORS' civil rights, as described herein.

25.

Defendant CITY OF ATLANTA is engaged in a persistent and widespread practice of failing to properly train and supervise the Atlanta Police Department officers, including Defendant Thompson, thereby allowing the deprivation of Plaintiff FAVORS' civil rights, as described herein.

26.

Defendant CITY OF ATLANTA is engaged in a persistent and widespread practice of ratifying and condoning the unlawful and illegal activity of the Atlanta Police officers, including Defendant Thompson, thereby allowing the deprivation of Plaintiff FAVORS' civil rights, as described herein.

27.

Defendant CITY OF ATLANTA, in failing to properly train, monitor, and supervise Atlanta Police Department officers, have deprived Plaintiff FAVORS of his civil rights, as described herein.

28.

As a result of the aforementioned conduct by Defendant CITY OF ATLANTA, Plaintiff FAVORS has suffered personal injury and damages as outlined in this Complaint, including physical and emotion pain suffering, along with significant medical expenses.

## COUNT TWO: ATTORNEYS' FEES

29.

Plaintiff re-alleges and incorporates paragraphs 1-28 of the Complaint as though they were fully set forth herein.

30.

Pursuant to 42 U.S.C. § 1988, Plaintiff FAVORS is entitled to an award of reasonable attorneys' fees and costs of litigation.

**WHEREFORE**, Plaintiff, DEMETRIC FAVORS prays as follows:

a) That process issue and that Defendant be served according to the law;

b) That Plaintiff has a trial by jury;

c) That Plaintiff has and recovers a verdict and judgment against Defendant for all compensatory, general, and punitive damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact; and

d) That Plaintiff have such other and further relief as this Court deems just and proper under the circumstances.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

Respectfully submitted this 10th day of October, 2017.

        THE COCHRAN FIRM – ATLANTA

        /s/  SHEAN D. WILLIAMS
        Shean D. Williams, Esq.
        Georgia Bar No. 764139
        Samuel L. Starks, Esq.
        Georgia Bar No. 676515
        Peter A. Brogdon, II, Esq.
        Georgia Bar No. 399961
        swilliams@cochranfirmatl.com
        sstarks@cochranfirmatl.com
        pbrogdon@cochranfirmatl.com
        *Attorneys for the Plaintiff*

100 Peachtree Street, NW
Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
swilliams@cochranfirmatl.com
sstarks@cochranfirmatl.com
pbrogdon@cochranfirmatl.com

        /s/  ROBERT KENNER JR.
        *(Signed by Shean Williams*
        *with express permission)*
        Mr. Robert Kenner Jr., Esq.
        Georgia Bar No. 415028
        *Attorney for the Plaintiff*

3992 Redan Road
Stone Mountain, GA  30083
Phone: (404) 292-9997
Fax: (404) 292-9998
robertkennerjrlaw@gmail.com