## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| DEMETRIC R. FAVORS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: |
| | § | 1:17-CV-03996-CAP |
| CITY OF ATLANTA, | § | |
| a municipal corporation of the | § | |
| State of Georgia | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT CITY OF ATLANTA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant City of Atlanta ("Defendant") and files this Answer and Affirmative Defenses in the above-captioned matter as follows:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts no actions were taken to deprive Plaintiff of any right, privilege, freedom or immunity secured by the Constitution and laws of the United

States of America, the Constitution and laws of the State of Georgia, or the Charter and Code of Ordinances of the City of Atlanta.

### THIRD AFFIRMATIVE DEFENSE

Insofar as Plaintiff has been affected by the conduct of Defendant, its officials, and employees, said actions were reasonable, proper, and necessary under the circumstances and were taken in the good faith exercise of their duties and responsibilities imposed by law.

### FOURTH AFFIRMATIVE DEFENSE

Defendant is entitled to qualified immunity from Plaintiff's federal law claims; and Defendant has not waived any immunities.

### FIFTH AFFIRMATIVE DEFENSE

Defendant is entitled to official immunity from Plaintiff's state law claims; and Defendant has not waived any immunities.

### SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to governmental and/or sovereign immunity.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages, nor are any such damages warranted in this case.

## EIGHTH AFFIRMATIVE DEFENSE

No act or omission of this Defendant caused or contributed to the damages alleged in the Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

The damages alleged in the Plaintiff's Complaint were not proximately caused by any actions of this Defendant or any of its agents, employees, or representatives and accordingly there can be no recovery from this Defendant.

## TENTH AFFIRMATIVE DEFENSE

This Defendant denies that it or any or its agents, employees, or representatives, were negligent or that it is liable to the Plaintiff whatsoever.

## ELEVENTH AFFIRMATIVE DEFENSE

As discovery has not yet begun, this Defendant specifically reserves the right to raise any additional claims or affirmative defenses which may be discovered. This Defendant hereby incorporates by reference all affirmative defenses set forth in O.C.G.A. 9-11-8(c) to the extent applicable. Defenses asserted herein are based upon the initial theories of defense counsel. Defendant further specifically reserves the right to withdraw or add any defenses to conform to the evidence presented at the time of trial.

## TWELTH AFFIRMATIVE DEFENSE

Defendant asserts the Statute of Limitations as a defense in this case.

## THIRTEENTH DEFENSE

For a thirteenth defense, this Defendant hereby responds to the Plaintiff's Complaint as follows:

## JURISDICTION AND VENUE

### 1.

Defendant admits that this action is brought pursuant to 42 U.S.C. §1983 and §1988. Defendant asserts that the remainder of Paragraph 1 is a statement of a legal conclusion requiring no response.

### 2.

Defendant admits that venue is proper in the Northern District of Georgia, Atlanta Division. Defendant asserts that the remainder of Paragraph 2 is a statement of a legal conclusion requiring no response.

### 3.

Defendant denies the allegations contained in Paragraph 3 of the Complaint.

## IDENTIFICATION OF PARTIES

### 4.

Defendant denies the allegations contained in Paragraph 4 of the Complaint.

5.

Defendant asserts that the allegations contained in Paragraph 5 are admitted as stated except for use of the term "agents".  Defendant is responsible for the hiring training, supervision and discipline of the employees and police officers of the Atlanta Police Department.

6.

Defendant denies the allegations contained in Paragraph 6 of the Complaint. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

7.

Defendant denies the allegations contained in Paragraph 7 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

FACTUAL ALLEGATIONS

8.

Defendant denies the allegations contained in Paragraph 8 of the Complaint.

5

Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

9.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

10.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

11.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 11 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel

Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

12.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 12 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

13.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

14.

Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and accordingly can neither admit nor deny same. Defendant objects to the allegations in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this

lawsuit.

15.

Defendant denies the allegations contained in Paragraph 15 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

16.

Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.

Defendant denies the allegations contained in Paragraph 17 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

18.

Defendant denies the allegations contained in Paragraph 18 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

19.

Defendant denies the allegations contained in Paragraph 19 of the Complaint.

Defendant objects to the allegations contained in this paragraph referring to Officer

Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party

to this lawsuit.

COUNT ONE: 42 U.S.C. 1983 – MONELL LIABILITY
(CLAIM FOR COMPENSATORY DAMAGES)

20.

Defendant incorporates by reference its responses to Paragraphs 1-19 of the

Complaint as fully set forth herein.

21.

Defendant denies the allegations contained in Paragraph 21 of the Complaint.

Defendant objects to the allegations contained in this paragraph referring to Officer

Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party

to this lawsuit.

22.

Defendant denies the allegations contained in Paragraph 22 of the Complaint.

Defendant objects to the allegations contained in this paragraph referring to Officer

Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party

to this lawsuit.

23.

Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24.

Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25.

Defendant denies the allegations contained in Paragraph 25 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

26.

Defendant denies the allegations contained in Paragraph 26 of the Complaint. Defendant objects to the allegations contained in this paragraph referring to Officer Emmanuel Thompson as "Defendant Thompson" as Officer Thompson is not a party to this lawsuit.

27.

Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of the Complaint.

COUNT TWO: ATTORNEYS' FEES

29.

Defendant incorporates by reference its responses to Paragraphs 1-28 of the Complaint as fully set forth herein.

30.

Defendant denies the allegations contained in Paragraph 30 of the Complaint.

**WHEREFORE**, having fully answered Plaintiff's Complaint within the time allowed by law, Defendant respectfully requests:

a.     that all of Plaintiff's prayers for relief be denied;

b.     that the action against Defendant be dismissed;

c.     that all costs incurred by Defendant to defend this action be cast upon the Plaintiff; and

d.     any such other relief as the Court deems proper.

## **CERTIFICATION**

Counsel for Defendant certifies that this answer has been prepared with Times New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted, this 6th day of November 2017.

*/s/ Valorri C. Jones*
**VALORRI C. JONES**
Sr. Assistant City Attorney
Georgia Bar No. 848714

Georgia Bar No.
**VERA JUNE STARKS**
Of Counsel, City of Atlanta
Georgia Bar No. 935496

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
(404) 546-4178 (telephone)
(404) 225-5755 (facsimile)
vcjones@atlantaga.gov
law-vstarks@atlantaga.gov

**IN THE UNITED STATED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| DEMETRIC R. FAVORS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: |
| | § | 1:17-CV-03996-CAP |
| CITY OF ATLANTA, | § | |
| a municipal corporation of the | § | |
| State of Georgia | § | |
| | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2017, I electronically filed the forgoing motion with the Clerk of Court using the CM/ECF system with service on all attorneys of record electronically.

/s/ Valorri C. Jones
**VALORRI C. JONES**
Sr. Assistant City Attorney
Georgia Bar No. 848714

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
(404) 546-4178 (telephone)
(404) 225-5755 (facsimile)
vcjones@atlantaga.gov

13