**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DEMETRIC R. FAVORS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No: |
| | ) | 1:17-CV-03996-SCJ |
| CITY OF ATLANTA, | ) | |
| a municipal corporation of the | ) | |
| State of Georgia | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF DISCOVERY**

COMES NOW Defendant CITY OF ATLANTA (the "City"), by its attorneys and pursuant to Federal Rules of Civil Procedure 16(b)(3), 16(b)(4), and LR 26.2B and hereby respond in opposition to Plaintiff's motion for an extension of the discovery period. The City opposes Plaintiff's motion for the following reasons:

**I.   PROCEDURAL BACKGROUND**

Discovery began in this case on December 7, 2017. On January 12, 2018, the parties filed a Consent Motion requesting this case be placed on an eight (8) month discovery track. [Doc. 10]. On January 16, 2018 the court gave the parties

1

six (6) months to complete discovery. The Court also ordered that barring extraordinary circumstances no further extensions would be permitted beyond the discovery ending date of June 5, 2018. [Docket Order, 1/16/ 2018]. Yet, on May 17, 2018 Plaintiff moved for a 90-day extension [Doc. 36] which this Court granted in part, setting a new discovery deadline of August 28. 2018 [Doc. 39]. The Court also granted Plaintiff's stipulated request to take up to 20 depositions, including the deposition of Emanuel Thompson and the 30(b)(6) deposition of the City of Atlanta. Afterwards, Plaintiff took six depositions, none of which were the City of Atlanta or Emanuel Thompson's. Plaintiff did not even notice Thompson's or the City's depositions. After the close of the third discovery deadline of August 28, 2018, on September 5, 2018, Plaintiff sought a fourth discovery extension to which the City consented, this time requesting an additional 45 days, again to depose Emanuel Thompson and the City of Atlanta. [Doc. 52]. The Court extended discovery to September 27, 2018. [Doc. 53]. On September 26, 2018 Plaintiff filed a fifth motion to extend discovery for 45 days to depose Emanuel Thompson and "to conduct any other discovery that may arise". [Doc. 64]. On September 27, 2018, Plaintiff deposed the City.

## II.   DEPOSITION OF EMANUEL THOMPSON

Inevitably linked to this discovery matter is former Atlanta police officer Emanuel Thompson. Thompson is accused of the underlying shooting which led

2

to Plaintiff's law suit, *Demetric Favors v. Emanuel Thompson*, *et al*, State Court of Dekalb County, Civil Action No: 17A66564 and the *instant* § 1983 complaint against the City. Thompson is a non-party witness in this case and he is not represented by counsel in either civil case. Sandra Michaels, Esq. represents Thompson in his related criminal case, *State of Georgia v. Emanuel Thompson*, Fulton County Superior Court, Indictment No: 17SC154871. On September 20, 2018, the parties appeared for Thompson's deposition, but Ms. Michaels objected to proceeding because Thompson was not represented by counsel in the civil cases. (Thompson Deposition transcript, p. 7:11-25, *Exhibit A*). Notwithstanding Ms. Michael's objection, Plaintiff tried to go forward with Thompson's deposition, but Ms. Michaels stood firm. (Thompson Deposition transcript, pp. 8:16-25-9:1-24). Plaintiff now seeks a fifth extension to compel Thompson's deposition and to re-open discovery with the City for any matter which may stem from Thompson's testimony. The City contends another discovery extension will not resolve the issue with Thompson and would be an unreasonable burden placed on the City.

### III.   CITATION TO AUTHORITY

Federal Rule of Civil Procedure 16(b)(3)(A) allows the court to limit the time to complete discovery and set a 'cut-off' date. Unless an extension or relief is granted by the court, discovery not completed by the deadline is not enforceable. *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). A party may obtain relief

3

from a 'cut-off' date *only by demonstrating good cause* for allowing further discovery. FRCP 16(b); *Rosario v. Livaditis*, 963 F.2d 1013, 1019, *R.I.C.O. Bus. Disp. Guide (CCH)* P 8009, 22 Fed. R. Serv. 3d 843 (7th Cir. 1992).

### A. PLAINTIFF HAS FAILED TO SHOW GOOD CAUSE FOR A DISCOVERY EXTENSION

Because Plaintiff did not conduct discovery during the discovery period, he now seeks to re-open discovery. But Plaintiff's failure to timely depose Thompson is not the City's problem. It's Plaintiff's. On July 30, 2018 Plaintiff *for the first time* served Thompson with a subpoena for his deposition to take place the next day, July 31, 2018. However, Thompson's lawyer canceled. [*Plaintiff's Motion for Extension of Discovery* ¶4, Docs. 64, 64-1]. For the entire month of August 2018, Plaintiff did nothing. In September it must have occurred to Plaintiff that depositions had not been scheduled. Hence, Plaintiff scheduled a deposition for September 14, 2018, the day that the City's lead counsel was on approved leave of absence. (Docs. 56, 58). [1] Because of this, the City filed an emergency motion for a protective order, which this Court granted.

---

[1] In a similar case, Brown v. City of Atlanta, Plaintiff scheduled the deposition of former officer and co-defendant Matthew Johns to take place while Ms. Cherry was on approved leave of absence. This resulted in the City having to move for an emergency motion for a protective order, which both Judge Brown and His Honor in this case granted. In both cases, Plaintiff demonstrates the same pattern of delay, followed by motions to extend discovery.

Plaintiff's current extension request lacks merit for several reasons. For starters, Plaintiff tries to blame the failure to move this case along on Sandra Michaels, Esq., the City, and this Court. First, Plaintiff argues that after serving Thompson with a subpoena on July 30, 2018 to appear for a deposition on July 31, 2018 (the next day) Ms. Michaels cancelled the deposition. [*Plaintiff's Motion for Extension of Discovery* ¶4, Docs. 64, 64-1]. Plaintiff goes on to place blame on the City for filing an emergency motion for a protective order to prevent Plaintiff from taking a deposition on a day the City's counsel was on approved leave. [*Plaintiff's Motion for Extension of Discovery* ¶5, Docs. 64, 64-1]. Finally, Plaintiff points to the Court, suggesting Plaintiff's delay was caused by the Court when it granted the City's protective order and ordered Plaintiff to reschedule Thompson's deposition "after the conclusion of counsel's leave". [*Plaintiff's Motion for Extension of Discovery* ¶5, Docs. 64, 64-1]. But, it doesn't take much to figure out that Plaintiff has offered no real explanation warranting a fifth discovery extension. In truth, the reason depositions were not taken is not because of Ms. Michaels, the City or this Court. It is simply because Plaintiff failed to do all that was reasonably required, even though the Court granted three prior extensions. To allow Plaintiff to take more depositions or as Plaintiff puts it 'conduct any discovery which grows out of Thompson's deposition' would be unfair to the City because Plaintiff's conduct falls

beneath the good cause radar screen of FRCP 16(b). Plaintiff has clearly shown a demonstrated a reliance on discovery extensions, one after another.

## B. A FIFTH DISCOVERY EXTENSION WILL NOT RESOLVE THE ISSUE OF EMANUEL THOMPSON'S DEPOSITION

Even if, *arguendo,* the Court granted Plaintiff's pending motion, extending discovery is not likely to fix anything here. The issue is that depositions were not taken due to Plaintiff's failure to schedule them. When Plaintiff finally did so, Thompson's lawyer objected to his deposition moving forward. As a result, Plaintiff now wants to re-open discovery as to the City. Neglecting discovery until after the deadline has passed is not a predicament caused by the City. Plaintiff caused this – and the City should not be burdened by Plaintiff's delay. Rather than extending discovery, the Court may be inclined to stay the proceedings until Thompson retains civil counsel, or until Thompson's parallel criminal trial is complete. That would resolve the immediate issue of extending discovery and would relieve the City of prolonged discovery obligations.

At any rate, Plaintiff's specific request to extend discovery should be denied for failure to demonstrate good cause. Plaintiff has not shown *any* cause, let alone good cause for another discovery extension to be granted. A fifth extension is unwarranted, and this Court must put an end to this. The City respectfully requests

that this Court deny Plaintiff's motion to extend discovery, and order that Thompson's deposition will be the final deposition in this case.

## CONCLUSION

The City, for the reasons shown above, requests that this Court deny Plaintiff's Motion for An Extension of Discovery.

## CERTIFICATION

Counsel for the City certifies that its brief has been prepared with Time New Roman font, 14 point, and therefore it complies with the requirements of L.R. 5.1(C).

Respectfully submitted this 9th day of October, 2018.

*/s/ Rita Cherry*
Rita Cherry
Senior Assistant City Attorney
Georgia Bar No. 123398

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
Direct: (404) 546-4134
Main: (404) 546-4100
Law-rmcherry@atlantaga.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DEMETRIC R. FAVORS, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No: 1:17-CV-03996-SCJ |
| CITY OF ATLANTA, a municipal corporation of the State of Georgia | § § § § | |
| Defendant. | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2018, I filed the foregoing, **DEFENDANT'S REPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN EXTENSION OF DISCOVERY** with the Clerk of Court using the CM/ECF system, which will automatically send notification to counsel of record.

                                                */s/ Rita Cherry*
                                              Rita Cherry
                                              Sr. Assistant City Attorney
                                              Georgia Bar No. 123398

CITY OF ATLANTA LAW DEPARTMENT
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520
Direct: (404) 546-4134
Main: (404) 546-4100
Law-rmcherry@atlantaga.gov