**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DEMETRIC R. FAVORS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, a municipal ) <br> corporation of the State of Georgia, ) <br> ) <br> Defendant. ) <br> ) | Civil Action File <br> No. 1:17-CV-03996-SJC |

**EMERGENCY MOTION TO INTERVENE TO PARTICIPATE IN THE DEPOSITION OF OFFICER EMANUEL A. THOMPSON AND INTEGRATED MEMORANDUM OF LAW**

Non-Parties Paradise Entertainment Group, Inc. ("**PEG**"), M-Entertainment Properties, LLC ("**MEP**"), and -M- Entertainment & Consultant Service, Inc. ("**MEC**") (collectively, the "**Non-Parties**"), pursuant to Federal Rule of Civil Procedure 24(b), bring this emergency motion to intervene in the case for the limited purpose of participating in the deposition of Emanuel A. Thompson ("**Motion**"), respectfully showing the honorable Court as follows:

**I. BACKGROUND**

On October 10, 2015, on-duty Atlanta police officer Emanuel A. Thompson ("**Officer Thompson**") shot Plaintiff Demetric R. Favors ("**Plaintiff**") in the

parking lot adjacent to the Magic City nightclub ("**Shooting**"). The Non-Parties are all entities related to Magic City.[1]

Plaintiff has filed two parallel civil lawsuits related to the Shooting: (1) the suit presently before the Court against the City of Atlanta ("**Federal Suit**"); and (2) State Court of Dekalb County Civil Action No. 17A66564 against Officer Thompson and the Non-Parties ("**Dekalb Suit**").

Plaintiff is represented by the same attorneys in both the Federal Suit and the DeKalb Suit.

In the Federal Suit, Plaintiff alleges that Officer Thompson was working in his capacity as an Atlanta police officer when he shot Plaintiff. [Doc. 1 ¶ 8.] In the Dekalb Suit, however, Plaintiff alleges that Officer Thompson was working an off-duty security assignment for Magic City when he shot Plaintiff. (*See* DeKalb Complaint ¶ 9, at **Exhibit A** hereto.) Common issues of fact permeate these two, seemingly contradictory positions. Furthermore, Plaintiff's counsel represented during a telephone conference on February 11, 2019, that the transcript from the deposition in the Federal Suit could be used in the DeKalb Suit to impeach Officer

---

[1] PEG owns and operates Magic City nightclub. MEP owns and leases the building in which Magic City operates to PEG. MEC consults with PEG on club operations and is the lessor of the parking lot property in which the Shooting occurred.

Thompson's testimony. Accordingly, the Non-Parties are concerned that they will be prejudiced if excluded from the deposition in this case.

## II.     NEED FOR EMERGENCY RELIEF

Plaintiff noticed the deposition of Officer Thompson in the Federal Suit for 10:00 a.m., Friday, February 15, 2019. The Non-Parties only became aware of the deposition by checking the docket on Monday, February 11, 2019. Later that day, the Non-Parties requested Plaintiff's consent to participate in the deposition, but Plaintiff refused. On February 12, 2019, the Non-Parties requested the City of Atlanta's consent but were unable to secure approval from the relevant decision maker on short notice. Having failed to obtain consent, the Non-Parties are filing this Motion at their earliest possible opportunity. Because the deposition will occur this Friday morning, the Non-Parties request expedited treatment.

## III.    REQUEST FOR RELIEF

The Non-Parties seek to intervene for the limited purpose of participating in the deposition, and only insofar as it includes questions concerning Officer Thompson's interactions with the Non-Parties, LaTiesa Alford, or LA Enterprise

Security Services, LLC ("**LA Security**").[2] A proposed order is attached to this Motion for the Court's convenience.

### IV. ARGUMENT AND CITATION TO AUTHORITY

Pursuant to Federal Rule of Civil Procedure 24(b)(1)(B), on a timely motion, the Court may permit the intervention of "anyone" who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). The Non-Parties' defense to the DeKalb Suit shares common issues of fact with the Federal Suit because both cases arise from the same incident in which Officer Thompson is accused of shooting and injuring the same Plaintiff, who is represented by the same attorneys in both cases.

"In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). The decision to permit the permissive invention of a non-party is entirely within the discretion of the Court, and the Court's decision on the matter

---

[2] As an alternative, the Court could protect the Non-Parties by issuing an order disallowing questions concerning Officer Thompson's interactions with the Non-Parties, Ms. Alford, or LA Security. These issues are not likely relevant to the parties to the Federal Suit because, we understand, the City of Atlanta admits that Officer Thompson was on duty at the time of the Shooting. Nevertheless, because it would be difficult for the Court to judge the relevance of Plaintiff's potential questions until the time of Officer Thompson's testimony, the Non-Parties suggest that allowing them to intervene and participate on a limited basis would be the more efficient solution.

may not be disturbed absent a clear abuse of discretion. *See Cisneros v. Corpus Christi Indep. Sch. Dist.*, 560 F.2d 190, 191 (5th Cir. 1977).

In this case, the Non-Parties seek a limited intervention that will not prejudice the original parties. The Non-Parties seek only to participate in the deposition of Officer Thompson to address whether he was acting in his capacity as a police officer or as an agent of the Non-Parties when the Shooting occurred. The Non-Parties would not otherwise participate in the Federal Suit. This limited involvement will not inconvenience the original parties during the deposition. Likewise, it will not cause delay, prejudice, or add expense or complexity to the prosecution or defense of the Federal Suit.

If the Motion is not granted, however, Plaintiff could easily taint the testimony of Officer Thompson—an **unrepresented nonparty**—on issues concerning the capacity in which he acted when he shot the Plaintiff. These issues are important to the Non-Parties' defense of the DeKalb Suit. This prejudice could not be undone by a second deposition of Officer Thompson in the DeKalb Suit, as Plaintiff claims that he would be permitted to impeach Officer Thompson's testimony in the DeKalb Suit with the tainted testimony from his deposition in the Federal Suit. Accordingly, the potential for prejudice weighs in favor of allowing this limited intervention.

Finally, in determining whether a motion to intervene is timely, the Courts of Appeal have laid out a four-part test:

> A prospective intervenor must move promptly to intervene as soon as it knows or has reason to know that its interests might be adversely affected by the outcome of the litigation. In determining whether a motion to intervene is timely, we consider four factors: (1) the length of time the intervenor knew or should have known of his interest in the case; (2) the prejudice caused to the original parties by the delay; (3) the prejudice to the intervenor if the motion is denied; [and] (4) any other unusual circumstances.

*Heartwood, Inc. v. U.S. Forest Serv., Inc.*, 316 F.3d 694, 701 (7th Cir. 2003) (internal citations omitted). Here, the Motion is timely because the Non-Parties only discovered that the deposition had been noticed on Monday, February 11, 2019, and they moved to intervene the next day. Prior to this, Officer Thompson was not involved in the Federal Suit. After delaying only long enough to seek the original parties' consent to participate without court intervention, the Non-Parties filed this Motion at their earliest possible opportunity. Accordingly, the Non-Parties have not delayed, and the original parties would not be prejudiced by the limited intervention described above.

## V. **CONCLUSION**

The Non-Parties respectfully request the Court grant the Motion and permit them to intervene and participate in the deposition for the limited, but critical

purpose of and protecting their defenses in the DeKalb Suit. Because the deposition will happen this Friday, February 15, 2019, the Non-Parties respectfully request expedited consideration.

Respectfully submitted, this 12th day of February, 2019.

**FREED HOWARD LLC**

*/s/ F. Beaumont Howard*
Gary S. Freed
Georgia Bar No. 275275
F. Beaumont Howard
Georgia Bar No. 142641
Nicholas B. Corser
Georgia Bar No. 290744
101 Marietta Street, NW, Suite 3600
Atlanta, Georgia 30303
(470) 839-9300
(470) 839-9301 (fax)
gary@freedhoward.com
beau@freedhoward.com
nick@freedhoward.com

*Attorneys for Non-Parties Paradise Entertainment Group, Inc., M-Entertainment Properties, LLC, and -M- Entertainment & Consultant Service, Inc.*

## CERTIFICATE OF COMPLIANCE

Counsel for Non-Parties PEG, MEP, and MEC certifies that this document has been prepared in a Times New Roman, 14-point font and otherwise complies with Local Rule 5.1C.

        **FREED HOWARD LLC**

        */s/ F. Beaumont Howard*
        F. Beaumont Howard
        Georgia Bar No. 142641

        *Attorney for Non-Parties Paradise Entertainment Group, Inc., M-Entertainment Properties, LLC, and -M- Entertainment & Consultant Service, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of February, 2019, I served the foregoing **Emergency Motion to Intervene to Participate in the Deposition of Officer Emanuel A. Thompson and Integrated Memorandum of Law** upon counsel of record via the Court's CM/ECF system, which will automatically serve all counsel of record addressed as follows:

| | |
|---|---|
| Shean D. Williams<br>Samuel L. Starks<br>Mecca S. Anderson<br>The Cochran Firm – Atlanta<br>100 Peachtree St. NW, Suite 2600<br>Atlanta, Georgia 30303<br>swilliams@cochranfirmatl.com<br>sstarks@cochranfirmatl.com<br>manderson@cochranfirmatl.com | Rita M. Cherry<br>Stacy J. Miller<br>Ronald Laymond McKenzie<br>City of Atlanta Law Department<br>55 Trinity Ave. S.W., Suite 5000<br>Atlanta, Georgia 30303<br>law-rmcherry@atlantaga.gov<br>sjmiller@atlantaga.gov<br>rlmmckenzie@atlantaga.gov |
| | *Attorneys for Defendant* |
| Robert Kenner Jr.<br>3992 Redan Road<br>Stone Mountain, GA 30083<br>robertkennerjrlaw@gmail.com | |
| *Attorneys for Plaintiff* | |

This 12th day of February, 2019.

**FREED HOWARD LLC**

*/s/ F. Beaumont Howard*
F. Beaumont Howard
Georgia Bar No. 142641

*Attorney for Non-Parties Paradise Entertainment Group, Inc., M-Entertainment Properties, LLC, and -M- Entertainment & Consultant Service, Inc.*