# **EXHIBIT A**

No. 17A66564 _____

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**Date Summons Issued and E-Filed**

10/10/17 _____

**SUMMONS**

/s/ Monica Gay _____

Deputy Clerk

Deposit Paid $ _____

DEMETRIC R. FAVORS _____

_____
Plaintiff's name and address

vs.

[X] **JURY**

PARADISE ENTERTAINMENT GROUP, INC. dba MAGIC CITY
c/o Marvin Lewis Brown
3125 Old Jonesboro Rd, Fairburn, GA 30213
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

Shean D. Williams, Esq. _____
Name
100 Peachtree Street NW, Suite 2600, Atlanta, GA 30303 _____
Address
(404) 222-9922                              764139
Phone Number                          Georgia Bar No.

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

_____                          _____
Defendant's Attorney                     Third Party Attorney

_____                          _____
Address                                  Address

_____                          _____
Phone No.            Georgia Bar No.     Phone No.            Georgia Bar No.

**TYPE OF SUIT**

[X] Personal Injury ☐ Products Liability     Principal $ _____
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability     Interest $ _____
☐Other
                                             Atty Fees $ _____

**Access to the e-filing site and the rules is available at www.dekalbstatecourt.net**
**To indicate consent to e-service check the box below.**
☐(**Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.**

E-file summons1-2016

STATE COURT OF
DEKALB COUNTY, GA.
10/10/2017 7:12 PM
E-FILED
BY: Monica Gay

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

DEMETRIC R. FAVORS,

     Plaintiff,

v.

PARADISE ENTERTAINMENT GROUP,
INC., D.B.A. MAGIC CITY;
M-ENTERTAINMENT PROPERTIES,
LLC, D.B.A. MAGIC CITY;
M-ENTERTAINMENT & CONSULTANT
SERVICE, INC.; McCALL REALTY,
LLC; and EMANUEL A. THOMPSON,

     Defendants.

CIVIL ACTION 17A66564
FILE NO. _____

## COMPLAINT

**COMES NOW**, Plaintiff DEMETRIC FAVORS, in the above-styled case and hereby files

this Complaint for personal injury against Defendants PARADISE ENTERTAINMENT GROUP,

INC., M-ENTERTAINMENT PROPERTIES, LLC, M-ENTERTAINMENT & CONSULTANT

SERVICE, INC., McCALL REALTY, LLC and EMANUEL A. THOMPSON, and shows this

Court the following:

### PARTIES, JURISDICTION AND VENUE

1.

     Plaintiff DEMETRIC FAVORS (hereinafter "Plaintiff FAVORS") is a resident of the

State of Georgia and is subject to the jurisdiction and venue of this Court.

2.

     Defendant PARADISE ENTERTAINMENT GROUP, INC., d.b.a. MAGIC CITY,

(hereinafter "Defendant PARADISE ENTERTAINMENT"), is a corporation licensed to do

STATE COURT OF
DEKALB COUNTY, GA.
10/10/2017 7:12 PM
E-FILED
BY: Monica Gay

business in the State of Georgia, and is the owner of a gentleman's club named MAGIC CITY, located at 241 Forsyth Street, SW, Atlanta, Georgia 30303.  Service may be made upon said Defendant's Registered Agent, Marvin Lewis Brown, 3125 Old Jonesboro Road, Fairburn, Fulton County, Georgia 30213. Venue and jurisdiction are proper as to this Defendant.

3.

Defendant M-ENTERTAINMENT PROPERTIES, LLC, d.b.a. MAGIC CITY, (hereinafter "Defendant M-ENTERTAINMENT"), is a corporation licensed to do business in the State of Georgia, and is the owner of property located at 241 Forsyth Street, SW, Atlanta, Georgia 30303.  Service may be made upon said Defendant's Registered Agent, Joseph R. Wheeler, 7270 Hobgood Road, Fairburn, Fulton County, Georgia 30213.  Venue and jurisdiction are proper as to this Defendant.

4.

Defendant M-ENTERTAINMENT & CONSULTANT SERVICE, INC. (hereinafter referred to as "Defendant M-CONSULTANT"), is a corporation licensed to do business in the State of Georgia, and is the owner and consultant of a gentleman's club named MAGIC CITY, located at 241 Forsyth Street, SW, Atlanta, GA 30303. Service may be made upon said Defendant's Registered Agent, Joseph R. Wheeler, 7270 Hobgood Road, Fairburn, Fulton County, Georgia 30213. Venue and jurisdiction are proper as to this Defendant.

5.

Defendant McCALL REALTY, LLC (hereinafter referred to as "Defendant McCALL"), is a corporation licensed to do business in the State of Georgia and is the owner of the parking lot located at 241 Forsyth Street, SW, Atlanta, GA 30303. Service may be made upon said

2

Defendant's Registered Agent, Russell McCall, 275 Spring Street, SW, Atlanta, Fulton County, Georgia 30303. Venue and jurisdiction are proper as to this Defendant.

6.

At all times relevant hereto, Defendants PARADISE ENTERTAINMENT GROUP, INC.; M-ENTERTAINMENT PROPERTIES, LLC; M-ENTERTAINMENT & CONSULTANT SERVICE, INC.; and McCALL REALTY, LLC (hereinafter collectively referred to as "Defendants MAGIC CITY") were the owners and/or managers of MAGIC CITY and the Premises, and were responsible for, or involved in, the ownership, management, and operation of MAGIC CITY and the Premises. Defendants MAGIC CITY, at all times relevant hereto, engaged in a joint venture for profit and are liable for the acts and omissions of each other, and for the acts and omissions of their agents, officers, and employees. Based on information and belief, Defendants MAGIC CITY, through their officers, agents and employees engaged in the acts and omissions that proximately caused the injuries and damages hereinafter alleged that were suffered by Plaintiff FAVORS. Defendants MAGIC CITY, by and through their agents, officers, and employees, committed tortuous acts and omissions in the State of Georgia, for which they are jointly and severally liable.

7.

Defendant EMANUEL A. THOMPSON, (hereinafter "Defendant THOMPSON"), is a resident of the State of Georgia, residing at 3992 Smithfield Lane, Ellenwood, DeKalb County, Georgia 30294. Venue and jurisdiction are proper as to this defendant.

**FACTUAL ALLEGATIONS**

8.

At all times relevant hereto, Defendants MAGIC CITY owned, operated and managed a

3

gentleman's club and parking lot located at 241 Forsyth Street, Atlanta, Georgia 30303, and are responsible for the tortious acts and omissions of its agents, officers, and employees that proximately caused personal injuries to Plaintiff FAVORS.

9.

Defendant THOMPSON at all times relevant hereto, was working an off-duty assignment as security on behalf of and for the business purposes of Defendants MAGIC CITY.

10.

On October 10, 2015, Plaintiff FAVORS, along with several friends, were customers and invitees at MAGIC CITY'S gentleman's club that was owned and operated by Defendants MAGIC CITY.

11.

On the day in question, while Plaintiff FAVORS and his friends were eating food inside MAGIC CITY'S gentleman's club, an altercation broke out within the club, which prompted Plaintiff FAVORS and his friends to leave the club.

12.

Upon leaving the club, Plaintiff FAVORS and his friends entered their car that was parked in the parking lot, owned, operated, and patrolled by Defendants MAGIC CITY, and began to drive out of the parking lot to leave the establishment.

13.

As Plaintiff FAVORS and his friends were driving out of the parking lot of MAGIC CITY, Defendant THOMPSON fired shots into their vehicle striking Plaintiff FAVORS in his right leg and on the right side of his hip.

4

14.

As a result of the negligent actions of Defendants MAGIC CITY, Plaintiff FAVORS suffered severe traumatic physical and emotional injuries, which resulted in him being transported by ambulance to Grady Hospital.

15.

At all times mentioned herein, Defendant THOMPSON was an employee and/or agent of Defendants MAGIC CITY and was responsible for providing security services at the club, to include the parking lot of the club.

16.

As a direct and proximate consequence of the wrongful acts and omissions of the Defendants MAGIC CITY, Plaintiff FAVORS sustained physical and emotional injuries.

## COUNT I

## <u>ORDINARY NEGLIGENCE</u>

17.

Paragraphs 1 through 16 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

18.

Defendants MAGIC CITY, along with Defendant THOMPSON had a duty to exercise ordinary care in the management, ownership, and providing security at MAGIC CITY, including the club and parking lot.

19.

Defendants MAGIC CITY, along with Defendant THOMPSON, breached the duty owed to Plaintiff FAVORS by failing to exercise ordinary care in the management, ownership, and

5

providing security at MAGIC CITY, including the club and parking lot.

20.

Defendants MAGIC CITY'S and THOMPSON'S acts were causes-in-fact and proximate causes of the injury to Plaintiff FAVORS, and as such they are jointly and severally liable for the acts and claims set forth herein.

## COUNT II

## IMPUTED LIABILITY

21.

Paragraphs 1 through 20 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

22.

At all times mentioned herein, Defendant THOMPSON was an employee, servant and/or agent of Defendants MAGIC CITY and was providing security services for the benefit and purpose of the Defendants MAGIC CITY'S business. At all times mentioned herein, Defendant THOMPSON was acting within the course and scope of his agency with Defendants MAGIC CITY.

23.

Accordingly, the negligent acts or omissions of Defendant THOMPSON are imputable to Defendants MAGIC CITY under respondent superior and other theories of principal-agent, master/servant and joint enterprise law.

## COUNT III

### PREMISES LIABILITY

24.

Paragraphs 1 through 23 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

25.

Defendants MAGIC CITY owns, manages, and operates the gentleman's club known as MAGIC CITY as such has a duty to exercise ordinary care to keep its premises safe for its invitees.

26.

Defendants MAGIC CITY breached the duty they owed to Plaintiff FAVORS as an invitee on the premises.

27.

Defendants MAGIC CITY had superior knowledge, including actual and/or constructive knowledge, regarding the dangerous propensity of its gentleman's club, and therefore, Defendants MAGIC CITY should have foreseen that it was likely that some injury would result from its failure to take precautions to protect its invitees such as Plaintiff FAVORS.

28.

Defendants MAGIC CITY'S breach of its duties to keep its premises safe was a cause in fact and a proximate cause of Plaintiff FAVORS' injuries.

7

29.

Defendants MAGIC CITY breached its duty to Plaintiff FAVORS by failing to enact or effectuate policies, procedures, or a system of providing adequate safety and security to its invitees such as Plaintiff FAVORS.

30.

Defendants MAGIC CITY breached its duty to maintain a policy, procedure or system of providing adequate security measures to protect its invitees, which was a cause-in-fact and a proximate cause of the injuries suffered by Plaintiff FAVORS.

31.

Defendants MAGIC CITY is jointly and severally liable for the injuries sustained by Plaintiff FAVORS, including his pain and suffering, the expense of treatment, the cost of future care and treatment and all other elements of damages allowed under the laws of the State of Georgia.

**COUNT IV**

**WRONGFUL RETENTION, SUPERVISION, HIRING, ENTRUSTMENT AND TRAINING**

32.

Paragraphs 1 through 31 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

33.

Because Defendants MAGIC CITY had knowledge of, or in the exercise of reasonable care should have had knowledge that Defendant THOMPSON was not suitably equipped or trained to provide security for MAGIC CITY, Defendants MAGIC CITY are liable for the negligent entrustment of their property and security responsibilities to Defendant THOMPSON.

8

Said negligent entrustment was the proximate cause of damages and injuries to Plaintiff FAVORS.

34.

Because Defendants MAGIC CITY had knowledge of, or in the exercise of reasonable care should have had knowledge that Defendant THOMPSON was not suitably equipped or trained to provide security for MAGIC CITY, Defendants MAGIC CITY are liable for the negligent supervision of Defendant THOMPSON.  Said negligent supervision was the proximate cause of damages and injuries to Plaintiff FAVORS.

35.

Because Defendants MAGIC CITY had knowledge of, or in the exercise of reasonable care should have had knowledge that Defendant THOMPSON was not suitably equipped or trained to provide security for MAGIC CITY, Defendants MAGIC CITY are liable for the negligent hiring, retention and training of Defendant THOMPSON. Said negligent hiring, retention, and training was a proximate cause of damages and injuries to Plaintiff FAVORS.

36.

During the events at issue in this case, the employees and/or agents of MAGIC CITY failed to intervene to prevent the injuries to Plaintiff FAVORS. Defendants MAGIC CITY are therefore liable for the negligent supervision, hiring, retention, entrustment and training of their employees.

37.

Defendants MAGIC CITY are liable to Plaintiff FAVORS for all of the damages sustained by him, including general, special, and compensatory damages.

## COUNT V

## **PUNITIVE DAMAGES**

### 38.

Paragraphs 1 through 37 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

### 39.

There are aggravating circumstances present in this case. Pursuant to O.C.G.A. § 51-12-5.1, Plaintiff is entitled to recover punitive damages from Defendants MAGIC CITY and THOMPSON. The conduct and actions of all the Defendants evidence a willful and wanton disregard for the safety of others. Specifically, Defendants' reckless, willful and wanton actions raise the presumption of conscious indifference to consequences such that said Defendants are liable, jointly and severally, for punitive damages pursuant to O.C.G.A. § 51-12-5.1.

## COUNT VI

## **ATTORNEYS' FEES**

### 40.

Paragraphs 1 through 39 of Plaintiff's Complaint are hereby re-alleged and incorporated as though fully set out herein.

### 41.

Defendants MAGIC CITY and THOMPSON have been stubbornly litigious, have caused Plaintiff FAVORS unnecessary trouble and expense and, as such, Plaintiff FAVORS is entitled to recover from all Defendants, jointly and severally, the expenses of litigation and attorneys' fees incurred in the prosecution of this action pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, the Plaintiff prays that:

a)      Process issue and the Defendants be served as provided by law;

b)      Plaintiff have trial by jury;

c)      Plaintiff be awarded general, special, compensatory, and punitive damages in accordance with the enlightened conscience of an impartial jury;

d)      Plaintiff be awarded special damages in the amount to be shown at trial;

e)      Plaintiff be awarded punitive damages;

f)      Plaintiff be awarded interest and costs; and

g)      Plaintiff be awarded such other and further relief as this Court deems just and proper and permitted under Georgia law.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted this 10th day of October, 2017.

THE COCHRAN FIRM – ATLANTA

/s/ SHEAN D. WILLIAMS
Shean D. Williams, Esq.
Georgia Bar No. 764139
Samuel L. Starks, Esq.
Georgia Bar No. 676515
Peter A. Brogdon, II, Esq.
Georgia Bar No. 399961

*Attorneys for the Plaintiff*

100 Peachtree Street, NW
Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
Email:  swilliams@cochranfirmatl.com
         sstarks@cochranfirmatl.com
         pbrogdon@cochranfirmatl.com

/s/ ROBERT KENNER JR.
Robert Kenner Jr., Esq.
Georgia Bar No. 415028
*(Signed by Shean Williams with express permission)*

*Attorney for the Plaintiff*

3992 Redan Road
Stone Mountain, GA  30083
Phone: (404) 292-9997
Fax: (404) 292-9998
Email: robertkennerjrlaw@gmail.com

STATE COURT OF
DEKALB COUNTY, GA.
10/10/2017 7:12 PM
E-FILED
BY: Monica Gay

12

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

DEMETRIC R. FAVORS,

     Plaintiff,

v.

PARADISE ENTERTAINMENT GROUP,
INC., D.B.A. MAGIC CITY;
M-ENTERTAINMENT PROPERTIES,
LLC, D.B.A. MAGIC CITY;
M-ENTERTAINMENT & CONSULTANT
SERVICE, INC.; McCALL REALTY,
LLC; and EMANUEL A. THOMPSON,

     Defendants.

CIVIL ACTION
FILE NO. _____17A66564_____

---

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS PARADISE ENTERTAINMENT GROUP, INC.; M-ENTERTAINMENT, LLC; M-ENTERTAINMENT & CONSULTANT SERVICE, INC.; AND McCALL REALTY, LLC

COMES NOW, Plaintiff, in the above captioned case, and makes his First Continuing Interrogatories and Requests for Production of Documents, and serves these Interrogatories and Requests upon Defendants PARADISE ENTERTAINMENT GROUP, INC.; M-ENTERTAINMENT PROPERTIES, LLC; M-ENTERTAINMENT & CONSULTANT SERVICE, INC.; and McCALL REALTY, LLC (hereinafter "Defendants"), as an opposite party and requests that they be responded to fully and under oath within forty-five (45) days from the date of service thereof, all in accordance with O.C.G.A. § 9-11-33. The requested information is to be served upon Plaintiff's attorneys, at The Cochran Firm – Atlanta, located at 100 Peachtree Street, NW, Suite 2600, Atlanta, GA 30303, within the time allowed under the Georgia Civil Practice Act.

Each Interrogatory and Request is addressed to the personal knowledge of the Defendants, as well as to the knowledge and information of Defendants' attorneys, their agents and other representatives.

Each response shall include the name and other identifying information of the person who has personal knowledge of the accuracy of the response.

These Interrogatories and Requests shall be deemed continuing so as to require supplemental answers if the Defendants obtain further or different information between the time the answers are served and the time of trial, as required by the Georgia Civil Practice Act.

These Interrogatories and Requests are expressly made continuing and after the initial response thereto is made, supplemental responses are specifically called for as authorized by O.C.G.A. § 9-11-26(e) and each subpart thereof. Likewise, these Interrogatories and Requests are propounded subject to the provisions of O.C.G.A. § 9-11-37, and each subpart thereof.

## DEFINITIONS

Wherever the following words or phrases are used in the Interrogatories and Requests, they shall be deemed to include and require information stated as follows:

(1)    "Identify," when used with reference to documents or writings, shall require as a minimum the following information:

    (a)    Date;

    (b)    General description or title;

    (c)    Name of author, publisher or preparer, if known;

    (d)    Name and address of person who has possession of the document or writing;

2

(e)   Whether you will voluntarily produce said document for inspection and copying.  In lieu of the above, a copy may be attached to your answers.

(2)   "Identify," when used with reference to persons, firms, or corporations, shall require as a minimum the following information:

(a)   Name;

(b)   Address;

(c)   Telephone number;

(d)   Employer;

(e)   Occupation.

(3)   "Person" shall be deemed to include individuals, firms, corporations, the individual member(s) or agent(s) thereof with knowledge of the requested information.

(4)   "Documents" shall be deemed to include all records, files, memoranda, reports, notes, notations, documents, papers, correspondence, letters, writings, lists, instruments, and all other documents, sound recordings, photographs, and tangible things.

(5)   "Incident" or "Accident" or "Occurrence" is used only in a non-legal sense, i.e., the incident which gave rise to the instant claim.  It is not used in any manner which would determine fault.

## **INSTRUCTIONS**

Privilege: If an objection based on privilege is asserted, identify the document, tangible item, communication, or information as to which the privilege is claimed in a fashion sufficient to allow a court to determine whether the asserted privilege properly lies.

3

Objections: If objections other than privilege are asserted, the statement of a general objection is not sufficient. Set forth an objection specifically and in sufficient detail to allow the Court to determine whether a Motion to Compel should be granted and the objection disallowed.

## INTERROGATORIES

Defendants are requested to respond to each of the following interrogatories:

## INTERROGATORY 1:

Identify all persons, corporations, trusts, partnerships and other entities that have an ownership interest in the property, structures, and parking lot known as MAGIC CITY, located at 241 Forsyth Street, SW, Atlanta, GA 30303, (hereinafter "MAGIC CITY") stating as to each the nature of that interest and the date it was acquired.

## INTERROGATORY 2:

Identify all persons, corporations, trusts, partnerships and other entities that at any time on October 10, 2015, had any legal interest (a) in the property, structures, and parking lot known as MAGIC CITY.

## INTERROGATORY 3:

Identify all persons who have been officers or directors of Defendants at any time on or after October 10, 2015, stating as to each the position held and the dates thereof.

## INTERROGATORY 4:

Identify all persons and entities that have been limited or general partners and/or managers of each of the Defendants and MAGIC CITY, or that have had any legal interest in said business, from October 10, 2010, through the present, including as to each the type of partner/manager, the nature of the interest, and the dates during which the partnership or interest was in effect.

4

**INTERROGATORY 5:**

Identify all persons, partnerships, trusts, corporations and other entities that have provided any management services at, for or associated with each of the Defendants and MAGIC CITY, at any time from October 10, 2010 through the present, and as to each describe fully the nature of the services provided and the time period during which they were provided.

**INTERROGATORY 6:**

Identify all persons, partnerships, trusts, corporations and other entities that have provided any security services for each of the Defendants and MAGIC CITY, at any time from October 10, 2010 through the present, and as to each describe fully the nature of the services provided and the time period during which they were provided.

**INTERROGATORY 7:**

Describe fully all actions you took to conduct criminal background checks and past employment history on applicants for security, security officers, off-duty officers, and employees and to check the background references of applicants, including Defendant EMANUEL THOMPSON, for employment with each of the Defendants.

**INTERROGATORY 8:**

Describe fully all actions you took to investigate the existence or extent of criminal activity or alleged criminal activity on or near the property, structures, and parking lot of MAGIC CITY, (a) prior to purchasing or acquiring an interest in MAGIC CITY or in any owner thereof, and (b) after such purchase or acquisition of interest. Identify all persons with knowledge of such actions, stating the knowledge each such person has or is believed to have.

**INTERROGATORY 9:**

Describe fully the information you obtained as a result of the investigations described in your response to interrogatory No. 7 and 8, supra, and identify all persons with knowledge thereof, stating the knowledge each such person has or is believed to have.

**INTERROGATORY 10:**

Identify all persons having knowledge or information concerning the shooting involving Plaintiff FAVORS on October 10, 2015, stating the knowledge each such person has or is believed to have.

**INTERROGATORY 11:**

Describe fully all policies, practice and procedures in place for each of the Defendants and MAGIC CITY, at any time from October 10, 2010, through the present. Include, but do not limit your answer to (i) the dates during which such policies, practices or procedures were in effect; (ii) the identities of the person or persons responsible for creating them; (iii) the identities of the person or persons responsible for implementing them; (iv) the information obtained as a result of said policies, procedures and practices; and (v) the identities of all persons having any knowledge concerning said policies, practices or procedures, or the implementation thereof, or the information received as a result thereof, stating the knowledge each such person has or is believed to have.

**INTERROGATORY 12:**

Identify all persons and entities you have engaged to provide any services as an expert with respect to this action, or the occurrence giving rise to this section.

**INTERROGATORY 13:**

For any expert who may provide testimony at the trial of this case, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and the grounds for each such opinion.

**INTERROGATORY 14:**

Identify all persons who have knowledge of any criminal or alleged criminal activity which has taken place within the property, structure, and parking lot at MAGIC CITY from October 10, 2010, through the present. As to each such person, state the nature of his or her relationship to you, and state the knowledge that he or she has in this regard.

**INTERROGATORY 15:**

Identify all persons who have been employed, whether on a full-time, part-time or occasional basis, at MAGIC CITY, from October 10, 2010, through the present, and for each such person identified, please provide that person's home address, telephone number, the capacity in which that person was employed and the dates on which the employment of such person(s) began and ended. If the present address and telephone number of such person(s) is unknown, please provide the last known address and telephone number. This interrogatory includes all security officers, off-duty police officers, and parking lot personnel.

**INTERROGATORY 16:**

Please identify the person or persons who worked in any aspect of the security, safety, and the parking lot at MAGIC CITY, at any time from October 10, 2010 through the present. Please provide the job title held by such person(s), the period of employment, and the home address and telephone number of each such person.

**INTERROGATORY 17:**

With respect to any real property in which you have or have had a legal interest, identify all civil, criminal and administrative actions which have been brought against the property or against any of the Defendants and MAGIC CITY. As to each such action, state the Court, agency or other tribunal in which the action was filed, the style and number of the action, the date filed, the allegations made against you or the property, and the final disposition and date thereof.

**INTERROGATORY 18:**

Identify each and every complaint by any person to management and/or any other agent or employee of Defendants, regarding Defendant EMANUEL THOMPSON, prior to October 10, 2015, including the following:

    (a)   The name of the person making the complaint;

    (b)   The name of the agent or employee who received the complaint;

    (c)   The substance of the complaint; and

    (d)   The action taken by management.

**INTERROGATORY 19:**

Identify each and every person who was involved in providing security, or who reviewed, formulated, or implemented any policies and procedures regarding security, security officers, off-duty officers, and/or the parking lot for Defendants and MAGIC CITY prior to October 10, 2015, through the present.

**INTERROGATORY 20:**

Please describe in detail every investigation conducted by you or by any party on your behalf into the facts and circumstances surrounding the shooting of Plaintiff FAVORS on October 10, 2015.

**INTERROGATORY 21:**

Please describe in detail every statement in your possession or in the possession of your agents and employees regarding the facts and circumstances surrounding the shooting of Plaintiff FAVORS, including the identity of the individual providing such statement, the form of the statement, the substances of each statement and the person in custody or control of each statement.

**INTERROGATORY 22:**

Identify all policies, practices and/or procedures in place for each of the Defendants and MAGIC CITY, at any time from October 10, 2010, through the present, regarding fights at the property, and security officers, security, safety, off-duty officers, use of force by security, and parking lots.

**INTERROGATORY 23:**

Please identify the name, address and telephone number of the person who recommended Defendant EMANUEL THOMPSON for the security job at MAGIC CITY.

**INTERROGATORY 24:**

Please identify the person who hired Defendant EMANUEL THOMPSON to provide security services on behalf of MAGIC CITY, and the basis for decision this decision.

**INTERROGATORY 25:**

Identify all persons who provided any information in connection with responding to these Plaintiff's First Continuing Interrogatories and Requests for Production of Documents to Defendants.

**INTERROGATORY 26:**

Describe any insurance agreement, including umbrella and/or excess coverage under which any insurance company may be liable to satisfy part or all of the judgment which may be entered

in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the insurer and the amount of any liability insurance coverage.

**INTERROGATORY 27:**

Please provide each and every fact upon which each Defendant bases each defense or denial it set forth in its Answer to Plaintiff's Complaint.

**INTERROGATORY 28:**

Please identify all persons who have in any way investigated the claims made in this lawsuit, and tell whether each has made a written record of the investigation.

**INTERROGATORY 29:**

Please identify the amount of money that Defendant EMANUEL THOMPSON was paid for his security services and the entity or person that paid him.

**INTERROGATORY 30:**

Please identify all potential parties, individuals, entities or other persons that Defendants contend are indispensable parties or that would be liable for any judgment obtained by Plaintiff in this action.

**INTERROGATORY 31:**

Give the names, business and home address and telephone numbers of each of the persons who is or was employed by Defendants and MAGIC CITY as security staff and/or persons that provided security; courtesy officers and/or off-duty police officers; and with managerial or supervisory authority over the operations and management of MAGIC CITY.

**INTERROGATORY 32:**

For each of the requests for admission filed in this case which were not admitted by Defendants, please state the reason for your failure to admit the request. Where the failure to admit

was the result of a misstatement of fact, date or amount within the request, provide the fact, date or amount which you contend is correct.

**INTERROGATORY 33:**

Give the name, address, and telephone number of all persons that Defendants and MAGIC CITY and/or its agents and/or representative who have knowledge, information, or belief were:

a)   Eyewitnesses to the events giving rise to this lawsuit; or

b)   Having a relevant knowledge concerning the events giving rise to this lawsuit or any issue of liability or damages claimed in connection with this lawsuit who were not identified in subpart.

**INTERROGATORY 34:**

Identify the names of all managers, security officers, off-duty officers, waitresses, agents, employees, and staff working on October 9, 2015 and October 10, 2015.

## REQUESTS FOR PRODUCTION

Defendants are requested to produce documents responsive to each of the following Requests:

**REQUEST 1:**

All documents containing or referring to any statement made by a person with knowledge of: (a) any of the matters alleged in the Complaint or in your Answer to the Complaint; or (b) any of the matters stated in your answers to Plaintiff's First Interrogatories to Defendant Paradise Entertainment Group, Inc., d.b.a. Magic City.

**REQUEST 2:**

All documents containing or referring to any part of any agreements or contracts concerning management, or management policies, practices, or procedures of MAGIC CITY.

11

**REQUEST 3:**

All documents containing or referring to any part of any agreements or contracts concerning security, or security measures, policies, practices, or procedures, at or for MAGIC CITY.

**REQUEST 4:**

All documents pertaining or referring to any report of criminal or alleged criminal conduct occurring within the boundaries of the property at MAGIC CITY.

**REQUEST 5:**

All documents containing or referring to any investigation you undertook, or the results thereof, after the purchase and/or management of the property, structures, and parking lot of MAGIC CITY (or after acquiring an interest in it or in any owner thereof) concerning (a) safety or security or tenants; (b) criminal or alleged criminal activity on the property; or (c) practices, policies or measures aimed at protecting or securing the safety of tenants.

**REQUEST 6:**

All documents evidencing or referring to current or past ownership of MAGIC CITY or the property, structures, and parking lot on which MAGIC CITY is located.

**REQUEST 7:**

All documents containing, pertaining to, or referring to, any part of any policies, practices, or procedures of MAGIC CITY.

**REQUEST 8:**

With respect to any property owned or managed by you (or in which you had ownership interest at any time), produce all documents referring to, containing or constituting any part of any action or proceeding, whether before a Court, agency or other tribunal, in which allegations were

12

**REQUEST 15:**

All insurance policies and related documents which provide coverage for the incident which is the subject of Plaintiff's Complaint. This request also seeks any documents regarding coverage for this event, including reservation of rights letters.

**REQUEST 16:**

All statements, whether recorded, oral or otherwise, in your control or obtained on your behalf of any parties or witnesses who have knowledge or information relating to the incident complained of in Plaintiff's Complaint.

**REQUEST 17:**

All logs, incident reports, investigative memoranda, photographs, documents, and charts or graphs relating to matters which are the subject of Plaintiff's Complaint.

**REQUEST 18:**

All reports, inner-office memoranda or other documents relating to matters which are the subject of Plaintiff's Complaint which were prepared in the normal course of business.

**REQUEST 19:**

All photographs of the scene of the incident complained of taken at or near the time of the incident.

**REQUEST 20:**

All documents, letters, photographs or other items of tangible evidence not included in this request which prove, support or defend any element or relates to any claim or defense against Plaintiff.

14

**REQUEST 21:**

All documents, letters, photographs, or other items of tangible evidence not included in this request which prove, support, or defend any defense or claims set forth by Defendant in its Answer to Plaintiff's Complaint.

**REQUEST 22:**

All reports, memoranda or notes from any individual who has investigated any aspect or element of the allegations set forth in Plaintiff's Complaint.

**REQUEST 23:**

All documents, photographs, and drawings that depict the layout of the area where the incident described in Plaintiff's Complaint occurred.

**REQUEST 24:**

All video tapes and/or audio tapes of the incident described in Plaintiff's Complaint.

**REQUEST 25:**

All documents evidencing, reflecting, relating to, or constituting any communication between any Defendant or employee and/or agent and Plaintiff, or any document between Defendant and Co-Defendants in this lawsuit. This request specifically includes emails.

**REQUEST 26:**

Any and all documentary evidence or other tangible evidence which relates, or is reasonably calculated to lead to the discovery of relevant or admissible evidence, regarding any of the Plaintiff's claims in this action or Defendant's defenses.

**REQUEST 27:**

All reports received from any experts who have investigated any issue relevant to the subject incident and relevant to this lawsuit. Also, produce all materials relied upon by each expert in formulating their opinions and conclusions.

**REQUEST 28:**

All complaints initiating civil actions against Defendant or any other judicial or quasi-judicial hearing related to the incident giving rise to Plaintiff's Complaint.

**REQUEST 29:**

All police reports or records or other law enforcement investigation reports or records regarding the incident complained of in Plaintiff's Complaint.

**REQUEST 30:**

Please provide a verification that the responses provided by Defendant to Plaintiff's First Interrogatories and Requests for Production of Documents are true, accurate, and complete.

**REQUEST 31:**

Any and all documents, logs, or incident reports involving any crimes at the property at MAGIC CITY for the ten (10) years prior to October 10, 2015, the date of the subject incident.

**REQUEST 32:**

Any and all emails or correspondence between any of the Defendants and the other Co-Defendants regarding Emanuel Thompson, Demetric Favors, security, off-duty police officers, crime, fights, and the shooting incident of October 10, 2015.

**REQUEST 33:**

Any and all contacts, memos and agreements between the Defendant and the other Co-Defendants.

**REQUEST 34:**

Any and all documents in Defendants' possession regarding Defendant EMANUEL THOMPSON, including but not limited to personnel files, complaints, pay stubs, cancelled checks, post orders, statements, applications, etc.

**REQUEST 35:**

Produce any and all documents pertaining to and/or used in the hiring of Defendant Thompson.

**REQUEST 36:**

Produce any and all documents pertaining to security and/or off-duty services provided at MAGIC CITY from October 10, 2010 to October 15, 2015, including but not limited to post orders, schedule of officers, policies, and procedures.

**REQUEST 37:**

Produce any and all documents that show or identify all employees, agents, security officers, off-duty officers, managers, waitresses, and staff working on October 9, 2015 and October 10, 2015.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

Respectfully submitted this 10th day of October, 2017.

THE COCHRAN FIRM – ATLANTA

/s/ SHEAN D. WILLIAMS
Shean D. Williams, Esq.
Georgia Bar No. 764139
Samuel L. Starks, Esq.
Georgia Bar No. 676515
Peter A. Brogdon, II, Esq.
Georgia Bar No. 399961

*Attorneys for the Plaintiff*

100 Peachtree Street, NW
Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
Email:  swilliams@cochranfirmatl.com
        sstarks@cochranfirmatl.com
        pbrogdon@cochranfirmatl.com

/s/ ROBERT KENNER JR.
Robert Kenner Jr., Esq.
Georgia Bar No. 415028
*(Signed by Shean Williams with express permission)*

*Attorney for the Plaintiff*

3992 Redan Road
Stone Mountain, GA  30083
Phone: (404) 292-9997
Fax: (404) 292-9998
Email: robertkennerjrlaw@gmail.com

STATE COURT OF
DEKALB COUNTY, GA.
10/10/2017 7:12 PM
E-FILED
BY: Monica Gay

18