IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DEMETRIC R. FAVORS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE**<br>**NO. 1:17-CV-03996-SJC** |
| **CITY OF ATLANTA,**<br>**a municipal corporation   of**<br>**the State of Georgia,** | |
| **Defendant.** | |

## PLAINTIFF'S RESPONSE TO RENEWED EMERGENCY MOTION TO INTERVENE TO PARTICIPATE IN THE DEPOSITION OF OFFICER EMANUEL A. THOMPSON

**COMES NOW**, Demetric Favors, the Plaintiff in the above-captioned lawsuit, and files this response pursuant to Federal Rules of Civil procedure 24(b), to Non-Parties Paradise Entertainment Group, Inc. ("PEG"), M-Entertainment Properties, LLC ("MEP"), and M Entertainment & Consulting Service, Inc. ("MEC") (collectively, the "Non-Parties") motion to intervene for the limited purpose of participating in the deposition of Emanuel A. Thompson, and shows this Court as follows:

## I.      PROCEDURAL BACKGROUND

### A. Statement of Facts

On October 10, 2015, Mr. Favors was a passenger in a vehicle being driven out of the parking lot at Magic City, a gentleman's club in downtown Atlanta., when he was shot by Emanuel A. Thompson, who at the time was an Atlanta Police Department (APD) Officer.   At the time of this incident, Mr. Thompson was on duty but was parked on the property of Magic City and appeared to be working security and patrol of the parking lot of Magic City.   Mr. Thompson was fired by APD and charged criminally for shooting Mr. Favors without legal justification.

The Non-Parties are the owners, operators and managers of Magic City and were all named as defendants in a negligence and premises liability lawsuit filed in the State Court of Dekalb County.   Mr. Thompson was also named as a defendant in the state court lawsuit.

### B. State Court Lawsuit

On October 10, 2017, Plaintiff filed an action against the Non-Parties, along with Mr. Thompson, which alleges state law claims based on premises liability, negligence, and breach of contract.   See *Complaint*, attached as **Exhibit 1**.   In that action, the parties have engaged in written discovery and depositions over an extended period of time.

On February 19, 2019, Plaintiff filed a motion to add as a party defendant the security company that was providing security at Magic City at the time of this incident.  See *Motion to Add as Party Defendant L.A. Security Services, LLC.*, attached as **Exhibit 2**.  Plaintiff anticipates this motion will be granted and the parties will be allowed to conduct further discovery regarding the claims against L.A. Security Services, LLC.

Ironically, the Non-Parties claim in their motion, they "seek to intervene for the limited purpose or participating in the deposition, and only insofar as it includes questions concerning Officer Thompson's interactions with the Non-Parties, LaTiesa Alford, or L.A. Security Services, LLC ("LA Security)."  *Renewed Motion to intervene to Participate in the Deposition of Officer Emanuel Thompson and Integrated Memorandum of Law*, Pages 5-6.  Following this argument, the party who stands to be "prejudiced" by the deposition of Mr. Thompson proceeding on March 7, 2019, would be L.A. Security (owned by LaTiesa Alford) who until they are added as party, have no right to notice the deposition of Mr. Thompson.

As defendants in the state court case, Plaintiff have provided the Non-Parties with all discovery from the federal case, including all written discovery, documentation production, and access to all depositions taken in that case.   In the

-3-

federal case, Plaintiff has taken depositions of 14 APD officers concerning this incident, yet the Non-Parties have never sought to participate in any of those depositions.

**C. <u>Federal Court Lawsuit</u>**

On October 10, 2017, Plaintiff filed the instant lawsuit against Defendant City of Atlanta, based entirely on federal constitutional claims against the City, pursuant to 42. U.S.C. Section 1983 and *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978). While this federal action may have some common questions of law and fact to the state court action, the *Monell* claim in the federal action is substantively fundamentally different than the state law claims of negligence and breach of contract at issue in the state court case.

As this Court is aware, Plaintiff has undertaken considerable effort to locate, serve and take the deposition of Mr. Thompson, dating back to the first deposition notice in May 2018.  [Docket #35].  Plaintiff's attempts to depose Mr. Thompson culminated in a hearing and ruling from this Court that has deposition be taken within 7 days of his anticipated entry of a guilty plea on the criminal charges he faces resulting from shooting Plaintiff.  [Docket #69].

<u>Prior to the Plaintiff's deposition being taken by the City of Atlanta in the federal action, the Non-Parties requested to participate in that deposition.  Like here,</u>

<u>Plaintiff did not consent, but the Non-Parties filed no emergency motion with the Court.  Instead, the Non-Parties noticed and took their own deposition of the Plaintiff, with the benefit and use of his deposition transcript from the federal case, that was produced to them through discovery.  Indeed, the Non-Parties made no claim of being prejudiced by not participating in the City's deposition of Plaintiff, instead they deposed Plaintiff for nearly 5 hours, which included confronting him with his prior deposition testimony</u>**.**  <u>See</u> Deposition of Demetric Favors, taken on October 31, 2018, attached as **Exhibit 3.**

At no point during discovery in the state court case have the Non-Parties given any notice, expressed any intention, or made any effort to take the deposition of Mr. Thompson.  If the Non-Parties desire to take the deposition of Mr. Thompson in the state court action, they have every right and opportunity to do so, without regard for whether he has been deposed in the federal case.

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

In pertinent part, Federal Rule of Civil Procedure 24(b)(1)(B) provides as follows: "On timely motion, the court may permit anyone to intervene" if they have "claim or defense that shares with the main action a common question of law or fact."  Further, Rule 24(b)(3) sets the following standard for determining permissive intervention: "In exercising its discretion, the court must consider whether the

intervention will unduly delay or prejudice the adjudication of the original parties'
rights."

Here, the Non-Parties have cited to no authority within this Northern District
of Georgia or the Eleventh Circuit where a non-party has been allowed to intervene
for the sole and limited purpose of participating in a deposition.   The only authority
cited by the Non-Parties in support of intervention is the general rule of what the
Eleventh Circuit has held are the factors in determining the timeliness of a
permissive motion to intervene:

> "(1) the length of time during which the proposed intervenor knew or
> reasonably should have known of the interest in the case before moving
> to intervene; (2) the extent of prejudice to the existing parties as a result
> of the proposed intervenor's failure to move for intervention as soon as
> it knew or reasonably should have known of its interest; (3) the extent
> of prejudice to the proposed intervenor if the motion is denied; and (4)
> the existence of unusual circumstances militating either for or against a
> determination that their motion was timely."

*Boca Raton Community Hospital, Inc., v. Tenet Healthcare Corporation*, 271 F.R.D.
530, 534 (S.D. Fla. 2010) (citations omitted).

### 1.  Length of Time Non-Parties Knew of Interest in Case

Applying these factors to the instant case, the Non-Parties have long been
aware of the federal lawsuit and Plaintiff's attempt to take the deposition of Mr.
Thompson in the federal lawsuit, but for tactical reasons have waited until the last
minute to seek intervention.

There is no question the Non-Parties were aware of the federal lawsuit since before February 2018, because they served discovery on Plaintiff specifically requesting information regarding the federal case, which was provided.   See *Plaintiff's Response to Defendant Paradise Entertainment Group, Inc.'s First Request for Production of Documents*, and *Plaintiff's Response to Defendant Paradise Entertainment Group, Inc.'s First Interrogatories*, attached as **Exhibits 4 and 5.**

By monitoring the docket in this case, the Non-Parties were aware that Plaintiff first noticed the deposition of Mr. Thompson on May 9, 2018.  [Docket #34].  This deposition resulted in the appearance of Mr. Thompson, but he refused to provide testimony based on the advice of counsel.  [Docket #69].  While the Non-Parties claim to now be concerned about the deposition of Mr. Thompson proceeding without their participation, they never made any effort to take his deposition in the state court case.

## 2.  Prejudice to the Existing Parties

Plaintiff has the right to conduct discovery, including the taking of depositions, without the interference of Non-Parties to this lawsuit, who cannot show that they have any significant or substantial interest in this federal proceeding, which involved constitutional claims against the City of Atlanta.

Specifically, Plaintiffs believe that the participation of Non-Parties in the deposition of Mr. Thompson would prejudice Plaintiffs in several respects.  First, it would complicate and confuse the issues that are relevant to the burden Plaintiff must meet under *Monell*.   Second, it would needlessly expand the time, cost and scope of the deposition.  Third, it would allow the Non-Parties the opportunity to obstruct, prejudice and influence Mr. Thompson's testimony, and would likely lead to court intervention to resolve issues arising during the deposition.

Plaintiff request that the deposition of Mr. Thompson proceed without the participation of the Non-Parties. However, if this Court is inclined to allow intervention, Plaintiff submit that in the interest of fairness and efficiency, the deposition should be continued until L.A. Security is added as a party in the state court action and would thus have the right to participate.

Allowing the Non-Parties to intervene and participate in the deposition of Mr. Thompson without L.A. Security being present and having the same right to participate will complicate and expand the proceedings in the state court case – especially since the stated reason the Non-Parties want to depose Mr. Thompson is to question him regarding his "interactions with the Non-Parties, LaTiesa Alford, or LA Enterprise Security Services."   Specifically, if allowed to intervene and participate in Mr. Thompson's deposition, the Non-Parties stand to benefit from Mr.

Thompson being deposed again by L.A. Security, whose interest are aligned with the Non-Parties.

While Plaintiff would rather not have the delay of waiting for L.A. Security to be added as a defendant in the state court case or face the risk of having issues securing the presence of Mr. Thompson in the future, Plaintiff would prefer delaying this deposition over allowing it to proceed without L.A. Security.

### 3.   Extent of Prejudice to Non-Party Intervenors

For the reasons shown above, there is no prejudice to the Non-Parties if they are not allowed to intervene and participate in the deposition of Mr. Thompson in the federal case, since they have the right to take his deposition in the state court case, and would have the right to confront or impeach him with any prior sworn testimony, just as they did with Mr. Favors.  There is no prejudice that results to the Non-Parties from the deposition of Mr. Thompson proceeding without them, since the use of this deposition in the state court proceeding would be controlled by O.C.G.A. Section 9-11-32.

Pursuant to O.C.G.A. Section 9-11-32, the use of depositions are subject to certain limitations, as set forth in pertinent part here:

(a) Use of depositions.  At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a deposition, so far as

admissible under the rules of evidence applied as though the witness were

then present and testifying, may be used against any party who was present

or represented at the taking of the deposition or who had reasonable notice

thereof, in accordance with the following provisions:

(1) Any deposition may be used by any party for the purpose of

contradicting or impeaching the testimony of the deponent as a witness;

For the reasons stated in O.C.G.A. Section 9-11-32, there would be no prejudice to

the Non-Parties if they were not allowed to participate in the deposition of Mr.

Thompson.

### 4. <u>Existence of Unusual Circumstances</u>

Due to the likely addition of L.A. Security as a defendant in the state court

case, Plaintiff respectfully submits to this Court that allowing the Non-Parties to

intervene and participate in the deposition of Mr. Thompson, without any

participation from L.A. Security, would not be in the best interest of fairness to all

concerned parties, nor would it be the most efficient resolution of this issue.

### III.   <u>CONCLUSION</u>

For the reasons shown herein, Plaintiff submits that the Non-Parties have not

established a legal basis    to intervene pursuant to Federal Rule of Civil Procedure

24(b)(1)(B).   Therefore, Plaintiff request that this Court deny the Non-Parties

emergency motion to intervene, or alternatively, stay the deposition of Mr. Thompson until such time that L.A. Security as added as a defendant in the state court case, which would allow for the consolidated use of the deposition of Mr. Thompson in both cases.

This 4th day of March, 2019.

/s/Samuel L. Starks_____
Shean D. Williams, Esq.
Georgia Bar No.: 764139
Samuel L. Starks, Esq.
Georgia Bar No.: 676515
Mecca S. Anderson, Esq.
Georgia Bar No.: 624622
*Attorneys for Plaintiff*

THE COCHRAN FIRM ATLANTA
The Equitable Building
100 Peachtree Street, Suite 2500
Atlanta, Georgia 30303
T: 404-222-9922
F: 404-222-0170

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DEMETRIC R. FAVORS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE**<br>**NO. 1:17-CV-03996-SJC** |
| **CITY OF ATLANTA,**<br>**a municipal corporation of**<br>**the State of Georgia,** | |
| **Defendant.** | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed a copy of the foregoing *Plaintiff's Response to Renewed Emergency Motion to Intervene to Participate in the Deposition of Officer Emanuel A. Thompson*, with the Clerk of Court via the CM/ECF system which will send notification and serve the following counsel of record:

Rita M. Cherry, Esq.
Staci Miller, Esq.
City of Atlanta Law Department
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303-3520

Robert Kenner, Esq.
Law Offices of Robert Kenner, Jr.
The Barrister Building
3992 Redan Road
Stone Mountain, Georgia 30083

Gary S. Freed, Esq.
F. Beaumont Howard, Esq.
Nicholas B. Corser, Esq.
Freed Howard
101 Marietta Street, NW, Suite 3600
Atlanta, Georgia 30303

This 4th day of March, 2019.

THE COCHRAN FIRM – ATLANTA

/s/ Samuel L. Starks
Samuel L. Starks
Georgia Bar No. 676515
*Attorney for Plaintiff*

100 Peachtree Street, NW
Suite 2600
Atlanta, Georgia 30303
Telephone: (404) 222-9922
Fax: (404) 222-0170
sstarks@cochranfirmatl.com