IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEMETRIC R. FAVORS,

    Plaintiff,

            v.

CITY OF ATLANTA,
a municipal corporation of
the State of Georgia,

    Defendant.

Civil Action No.
1:17-cv-03996-SDG

## ORDER

This matter is before the Court on Plaintiff Demetric R. Favors' motion to exclude Defendant City of Atlanta's ("City") expert W. Ken Katsaris [ECF 99]. For the following reasons, Favors' motion is **DENIED**.

## I.   BACKGROUND

On September 10, 2018, Favors disclosed Scott Defoe as an expert[1] and served the City with Defoe's initial report on September 17, 2018.[2] On September 27, 2018, the City disclosed W. Ken Katsaris as an expert and served Favors with Katsaris' curriculum vitae ("CV").[3] The City did not, however, disclose any further

---

[1]   ECF 57.

[2]   ECF 60.

[3]   ECF 65; ECF 100, at 2; ECF 100-1.

information about Katsaris or indicate for what purpose it intended to use him as an expert.

Despite numerous requests by Favors' counsel, the City failed to provide Favors with any further details or information. Finally, on May 2, 2019, the City's attorney sent the following email to Favors' attorney:

> As far as the Defendant City's expert, there's been some new develops [sic]. I'm not totally clear on what happened when [ ] was still here. The person previously named as an expert Mr. Ken Katsaris is likely going to be used as a rebuttal witness for the City. Mr. Katsaris has not yet prepared a written report. The City is still in the process of providing him with needed information. Thus, we're currently unable to provide you with dates when he will be available to be deposed.[4]

This email was the first indication that the City intended to use Katsaris as a rebuttal, rather than primary, expert.[5] Despite the City's May 2 representations, and unbeknownst to Favors, the City was not "in the process of providing [Katsaris] with needed information."[6] In fact, the City had not even retained Katsaris as an expert at that point.[7] Instead, as the City now concedes, Katsaris was

---

[4]   ECF 99-5, at 1.

[5]   ECF 100, at 2–3.

[6]   *Id.*

[7]   ECF 99, at 11.

not retained in this case until May 28, 2019—more than eight months after his initial disclosure as an expert.[8] Katsaris did not receive any information regarding this case until, at the earliest, May 28, 2019.[9]

On June 17, 2019, the City finally provided Favors with Katsaris' expert report—eleven days before the expert discovery period was scheduled to close on June 28, 2019.[10] However, Katsaris' report was still not accompanied by the requisite disclosures; the City filed a supplemental disclosure on June 18, 2019.[11] Due to the short period of time between Favors obtaining Katsaris' report and the deadline for expert depositions, Favors requested a conference with the Court.[12] During that June 21, 2019 conference call, the Court agreed to extend the expert discovery deadline by four weeks to allow Favors an opportunity to depose Katsaris.[13] The Court specifically withheld judgment on whether the City would ultimately be permitted to offer Katsaris as an expert.[14]

---

[8]   *Id*. at 12; ECF 99-11 (Katsaris Dep. Tr. 11:2–17:13); ECF 99-14 (Katsaris' retainer letter and fee schedule agreement).

[9]   *Id*.

[10]   ECF 87.

[11]   ECF 89.

[12]   ECF 99-7.

[13]   ECF 93 (transcript of June 21, 2019 conference call).

[14]   *Id*. at 15:17–20.

On August 7, 2019, Favors filed a motion to exclude Katsaris' expert testimony.[15] On August 21, 2019, the City responded.[16] Favors did not file a reply.

## II.    LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial." The party's "disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id*. As to timing, "[a] party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Absent a court order:

---

[15]   ECF 99.

[16]   ECF 100.

> [T]he disclosures must be made: (i) at least 90 days before the date set for trial or for the case to be ready for trial; or (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

*Id*. If a party fails to properly disclose an expert witness, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Federal Rule is supplemented by Local Rule 26.2(C), which states:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

Like the Federal Rules, the Local Rules also provide for sanctions:

> Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified.

*Id*.

### III.   DISCUSSION

### a.   The City Failed to Properly and Timely Identify Katsaris as a Rebuttal Expert.

It is undisputed that the City initially disclosed Katsaris as an expert on September 27, 2018, ten days after receiving the opening report of Favors' expert, Dafoe.[17] Nonetheless, for nearly eight months, the City did not provide Favors with any information regarding Katsaris' experience or knowledge (except his CV), failed to articulate that he was intended to be used as a rebuttal expert, and did not produce his expert report. Despite continued inquiries for information, the City did not even retain Katsaris as an expert or provide him any information regarding this case until May 28, 2019—eight months after the initial disclosure. Favors did not receive Katsaris' report until June 17, 2019—eleven days before the scheduled close of expert discovery.[18]

There is no doubt that the City's dilatory conduct violated both Federal Rule 26(a)(2)(D) and LR 26.2(C), ND Ga. *Coward v. Forestar Realty, Inc.*, 282 F. Supp. 3d 1317, 1331 (N.D. Ga. 2017) ("The deadline for disclosing a rebuttal report is

---

[17]   ECF 100, at 2 ("In September 2018, the City sent Plaintiff a supplemental interrogatory response mistakenly indicating W. Ken Katsaris had been retained as the City's expert in this case.").

[18]   ECF 99-6.

ordinarily thirty days after the previous report is disclosed."). *See also Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) ("As a threshold matter, the February 9, 2006, revelation of [the expert's] name was not enough to discharge Reese's obligation under the federal and [ND Ga] local rules.").

As such, the Court must exclude Katsaris' report and testimony unless the City can show its failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). *See also* LR 26.2(C), ND Ga ("Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless . . . the failure to comply was justified."). The decision of "[w]hether to exclude a party's proposed witness in this circumstance is within the discretion of the Court." *Collins v. Beazer Homes USA, Inc.*, 334 F. Supp. 2d 1365, 1371 (N.D. Ga. 2004) (*citing Port Terminal & Warehousing Co. v. John S. James Co.*, 695 F.2d 1328, 1335 (11th Cir. 1983)). *See also Berry v. Cooper Standard Auto., Inc.*, No. 1:05-cv-3311-BBM, 2006 WL 8447854, at *2 (N.D. Ga. Dec. 22, 2006) ("[I]n the Eleventh Circuit district courts have wide discretion to rule on discovery motions.") (*citing Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003)).

b.      **The City's Conduct Was Justified and Harmless Under the Circumstances.**

"The burden of demonstrating that a failure to disclose was justified rests on the non-disclosing party." *Pate v. Veolia Transp. Servs., Inc.*, No. 1:15-cv-2425-CAP, 2016 WL 4546658, at *2 (N.D. Ga. May 23, 2016) (*citing Vision Airlines, Inc. v. SST Air, LLC*, No. 2:12-cv-00021-WCO, 2013 WL 6908935, at *3 (N.D. Ga. Feb. 27, 2013)). *See also Coward*, 282 F. Supp. 3d at 1328 ("The nondisclosing party bears the burden of showing substantial justification or harmlessness.").

The City explains that, when it made its September 2018 disclosure of Katsaris as an expert for this case, he had already been retained by the City as an expert witness in a separate case involving the use of force by police.[19] Once the City learned of this mistake, it took reasonably prompt steps to retain Katsaris, provide him with the necessary information, and obtain his Rule 26 report.[20] The Court concludes that the City's failure to timely and properly identify Katsaris as a rebuttal expert in this case was the result of administrative mismanagement, but not any intentional efforts to purposely mislead Favors or engage in bad-faith

---

[19]   ECF 100, at 2.

[20]   *Id.* at 3.

litigation tactics. As such, the Court determines that the City's conduct was justifiable under the circumstances. LR 26.2(C), ND Ga.

With regard to the harm caused to Favors, this Court has held that "[m]ost commonly, the harm associated with untimely expert witness disclosures is the non-disclosing party's inability to adequately prepare its case by deposing the witness during the discovery period." *Morrison v. Mann*, 244 F.R.D. 668, 673 (N.D. Ga. 2007) (*citing Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004)). *See also Vision Airlines*, 2013 WL 6908935, at *5 ("The non-disclosing party's inability to adequately prepare its case by deposing the expert witness during the discovery period is a recognized harm."). Indeed, the purpose of the "Rule 26(a) disclosure requirements is to provide notice to opposing counsel as to what an expert witness will testify." *Silverstein v. Procter & Gamble Mfg. Co.*, 700 F. Supp. 2d 1312, 1320 (S.D. Ga. 2009). "Ultimately, the inquiry focuses on the question whether the plaintiff's non-compliant disclosure created a harm that cannot be cured." *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *8 (N.D. Ga. Mar. 21, 2013).

The Court concludes that Favors has not been substantially prejudiced by the City's dilatory conduct, especially since Favors ultimately received Katsaris'

Rule 26 report and took his deposition on July 29, 2019.[21] It is true that Favors only had this opportunity because the Court entered an Order extending the deadline for expert discovery by four weeks after Favors alerted the Court to the City's conduct.[22] The fact remains, however, that by virtue of the Court's previous remedy, Favors has not suffered the harm that is generally associated with untimely expert witness disclosures—the non-disclosing party's inability to adequately prepare its case by deposing the witness. *Morrison*, 244 F.R.D. at 673. *See also Pate*, 2016 WL 4546658, at *2 (declining to exclude expert because "the plaintiff's late disclosure can be cured by granting an extension of the discovery period, which would provide the defendant with ample time to depose the witness and identify any rebuttal witnesses."); *Kondragunta*, 2013 WL 1189493, at *8 ("Most courts that have dealt with this same question in similar situations have . . . permitted the noncompliant party another opportunity to provide a compliant report, after which the moving party is then permitted to depose the witness.").

In sum, the Court's previous extension of the discovery period helped cure the potential harm caused by the City's discovery violations. Since Favors was able to review Katsaris' report and depose him, Favors has not shown an inability to

---

[21]   ECF 100, at 8.

[22]   ECF 91.

adequately prepare his case. The Court concludes that any further sanctions would be unnecessary and disproportional to the harm caused. For the foregoing reasons, Favors' motion to exclude Katsaris as an expert [ECF 99] is **DENIED**.

**SO ORDERED** this the 25th day of February 2020.

Steven D. Grimberg
United States District Court Judge