**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DEMETRIC R. FAVORS,** | |
|     **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE**<br>**NO. 1:17-CV-03996-SDG** |
| **CITY OF ATLANTA,**<br>**a municipal corporation of**<br>**the State of Georgia,** | |
|     **Defendant.** | |

## CONSOLIDATED PRETRIAL ORDER

COMES NOW, the Parties in this action, and hereby file this *Consolidated Pretrial Order*.

1.

There are no motions or other maters pending for consideration by the court except as noted:

**By Plaintiff:**

**The Plaintiffs intend to file motions *in limine* in accordance with the appropriate deadlines established by the Court.**

**By Defendant:**

**The City reserves the right to file motions in limine on evidentiary matters at least 14 days prior to trial, with responses due 7 days after filing the initial motion.**

2.

All discovery has been completed, unless otherwise noted, and the court will not consider any further motions to compel discovery. (Refer to LR 37.1B). Provided there is no resulting delay in readiness for trial, the parties shall, however, be permitted to take the depositions of any persons for the preservation of evidence and for use at trial.

**By Plaintiff:**

**Plaintiff reserves the right to take the depositions of any persons previously and properly identified in discovery for the preservation of evidence for use at trial.**

**By Defendant:**

**The City objects to Plaintiff's reserving the right to depose any person not previously deposed during discovery.**

3.

Unless otherwise noted, the names of the parties as shown in the caption to this Order and the capacity in which they appear are correct and complete, and there is no

question by any party as to the misjoinder or non-joinder of any parties.

**By Plaintiff:**

**Names of Parties in caption are correct.**

**By Defendant:**

**The names of the Parties in the caption are correct.**

4.

Unless otherwise noted, there is no question as to the jurisdiction of the court; jurisdiction is based upon the following code sections. (When there are multiple claims, list each claim and its jurisdictional basis separately.)

**By Plaintiff:**

**Jurisdiction is based on 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights and elective franchise).**

**By Defendant:**

**The Court has jurisdiction over Plaintiff's causes of action under 42 U.S.C. § 1983, and 42 U.S.C. § 1988, pursuant to 28 U.S.C. §§ 1331, 1367.**

5.

The following individually named attorneys are hereby designated as lead counsel for the parties:

3

**Plaintiff's Lead Counsel:**

**Samuel L. Starks, Esq.**
**THE COCHRAN FIRM – ATLANTA**
100 Peachtree St., N.W., Suite 2600
Atlanta, GA 30303
T: (404) 222-9922
F: (404) 222-0170
sstarks@cochranfirmatl.com

**Defendant's Lead Counsel:**

**STACI J. MILLER**
Georgia Bar No. 601594
Phone: 404-546-4083
Email: sjmiller@atlantaga.gov

**CITY OF ATLANTA LAW DEPARTMENT**
55 Trinity Avenue, Suite 5000
Atlanta, Georgia 30303
Office: 404-546-4100
Fax: 404-225-5657

6.

Normally, the plaintiff is entitled to open and close arguments to the jury. (Refer to LR39.3(B)(2)(b)).  State below the reasons, if any, why the plaintiff should not be permitted to open arguments to the jury.

**None.**

7.

The captioned case shall be tried (_X_) to a jury or (___) to the court without a

4

jury, or (_) the right to trial by jury is disputed.

8.

State whether the parties request that the trial to a jury be bifurcated, i.e. that the same jury consider separately issues such as liability and damages. State briefly the reasons why trial should or should not be bifurcated.

**By Plaintiff:**

**Plaintiff requests a unified trial.**

**By Defendant:**

**The trial should not be bifurcated.**

9.

Attached hereto as Attachment "A" and made a part of this order by reference are the questions which the parties request that the court propound to the jurors concerning their legal qualifications to serve. Plaintiff objects to all of the City of Atlanta's proposed qualifying questions that are not consistent with those set forth by the Court's "Standing Order Regarding Civil Litigation."

10.

**By Plaintiff:**

**Attached hereto as Attachment "B-1" are the general questions which Plaintiff wishes to be propounded to the jurors on voir dire examination.**

5

**By Defendant:**

Attached hereto as Attachment "B-2" are the general questions which defendant wishes to be propounded to the jurors on voir dire examination.

The court shall question the prospective jurors as to their address and occupation and as to the occupation of a spouse, if any. Counsel may be permitted to ask follow-up questions on these matters. It shall not, therefore, be necessary for counsel to submit questions regarding these matters. The determination of whether the judge or counsel will propound general voir dire questions is a matter of courtroom policy which shall be established by each judge.

11.

State any objections to Plaintiff's voir dire questions:

**By Defendant:**

1. **Objection to *Voir Dire* Question No. 1: Unduly prejudicial as phrased, confusing, a misstatement of the law surrounding this type of action, and a general statement about the Department not tied to the individual officer.**

2. **Objection to *Voir Dire* Question No. 2: Unduly prejudicial as phrased because it relies on question 1.**

3. **Objection to *Voir Dire* Question No. 8: Vague and irrelevant.**

6

4. **Objection to *Voir Dire* Question No. 10: Unduly prejudicial as phrased, a misstatement of the facts surrounding this type of action.**

5. **Objection to *Voir Dire* Question No. 11: The City objects to Plaintiff's *Voir Dire* question No. 11 to the extent that it is incompatible with and/or duplicative of the questions that will have already been propounded to the jury in question 9 of this Court's Civil Juror Questionnaire.**

6. **Objection to *Voir Dire* Question No. 21: The City objects to Plaintiff's *Voir Dire* Question No. 21 on the grounds that the question is more prejudicial than probative. The question suggests that an officer would commit perjury rather than testify truthfully regarding the matters at issue.**

7. **Objection to *Voir Dire* Questions No. 43 and 44: The City objects to Plaintiff's *Voir Dire* Questions No. 43 and 44 on the grounds that they are duplicative of Plaintiff's *Voir Dire* Question No. 9.**

State any objections to defendant's voir dire questions:

**<u>By Plaintiff:</u>**

Plaintiff objects to Defendants general voir dire questions Nos. 13, 16, 17 and 31, on the grounds that these questions, as phrased, are vague and confusing,

unduly prejudicial, and not adjusted to the facts and issues presented in this case.

12.

All civil cases to be tried wholly or in part by jury shall be tried before a jury consisting of not less than six (6) members unless the parties stipulate otherwise.  The parties must state in the space provided below the basis for any requests for additional strikes.  Unless otherwise directed herein, each side as a group will be allowed the number of peremptory challenges as provided by 28 U.S.C. § 1870. See Fed.R.Civ.P. 47(b).

13.

State whether there is any pending related litigation.  Describe briefly, including style and civil action number.

**By Plaintiff:**

**Plaintiff states that there are several pending related cases, as follows:**

*Rogers v. City of Atlanta*, **N.D. Ga., Civil Action No. 1:161-cv-02578-TCB; and**

*Hall v. City of Atlanta*, **N.D. Ga., Civil Action No. 1:18-cv-0470-CAP.   Each of these cases involve claims against the City of Atlanta based on a failure to train officers on the legal and tactical circumstances that justify shooting into moving vehicles.  Plaintiff may use and rely on depositions from these cases as**

**allowed by the Federal Rules of Civil Procedure and Federal Rules of Evidence.**

**By Defendant:**

**None. The City does not contend that the matters listed above are related or relevant to the above-styled action. Each matter involves specific facts, allegations, and circumstances that affect whether the City's training and supervision policies and practices were constitutionally sound.**

14.

Attached hereto as Attachment "C" is plaintiff's outline of the case which includes a succinct factual summary of plaintiff's cause of action and which shall be neither argumentative nor recite evidence. All relevant rules, regulations, statutes, ordinances, and illustrative case law creating a specific legal duty relied upon by plaintiff shall be listed under a separate heading. In negligence cases, each and every act of negligence relied upon shall be separately listed. For each item of damage claimed, plaintiff shall separately provide the following information: (a) a brief description of the item claimed, for example, pain and suffering; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

15.

Attached hereto as Attachment "D" is the defendant's outline of the case which includes a succinct factual summary of all general, special, and affirmative defenses relied upon and which shall be neither argumentative nor recite evidence.  All relevant rules, regulations, statutes, ordinances, and illustrative case law relied upon as creating a defense shall be listed under a separate heading.  For any counterclaim, the defendant shall separately provide the following information for each item of damage claimed: (a) a brief description of the item claimed; (b) the dollar amount claimed; and (c) a citation to the law, rule, regulation, or any decision authorizing a recovery for that particular item of damage. Items of damage not identified in this manner shall not be recoverable.

16.

Attached hereto as Attachment "E" are the facts stipulated by the parties.  No further evidence will be required as to the facts contained in the stipulation and the stipulation may be read into evidence at the beginning of the trial or at such other time as is appropriate in the trial of the case. It is the duty of counsel to cooperate fully with each other to identify all undisputed facts.  A refusal to do so may result in the imposition of sanctions upon the non- cooperating counsel.

**By Plaintiff:**

**The City of Atlanta has admitted that Emanuel Thompson, by shooting into**

a moving vehicle and injuring Plaintiff, violated the Fourth Amendment constitutional rights of Plaintiff to be free from unreasonable and excessive force. Should the City of Atlanta withdraw this admission, Plaintiff reserves the right to seek sanctions.

**By Defendant:**

**Emmauel Thompson violated the Plaintiff's Constitutional rights when he shot into a moving vehicle.**

17.

The legal issues to be tried are as follows:

**By Plaintiff:**

**Pursuant to 42 U.S.C. § 1983, the legal issues to be decided by the jury are whether Emanuel Thompson, who shot multiple times into a moving vehicle, violated Plaintiff's Fourth Amendment constitutional rights of Plaintiff. The jury must determine whether the City of Atlanta has acted with deliberate indifference to Plaintiff's constitutional right to be free from excessive and unreasonable use of force by failing to provide Emanuel Thompson with adequate training on the legal and factual circumstances that justify shooting into a moving vehicle.**

**If the jury determines that Defendant City of Atlanta violated Plaintiff's**

11

constitutional rights, the jury must decide what damages should be awarded to Plaintiff Favors for physical and emotional pain and suffering, and what damages should be awarded to Plaintiff for his physical and emotion pain and suffering, and for the medical expenses he incurred from the treatment he was provided following this incident.  Should the Plaintiff succeed at trial, the Court must decide what amount of attorney's fees Plaintiff should be awarded, pursuant to 42 U.S.C. § 1988.

**By Defendant:**

**1. Did the City of Atlanta engage in a policy, practice, or custom that led to Plaintiff's injuries?**

**2. Was the City deliberately indifferent to a known need to train Officer Thompson?**

**3. Was the City deliberately indifferent to a known need to supervise Officer Thompson?**

**4. Did the City's deliberate indifference to a known need to train or supervise Officer Thompson cause Plaintiff's injuries?**

**5. If the City engaged in a policy, practice, or custom that led to the Plaintiff's injuries, what damages, if any, is the Plaintiff entitled to?**

**18.**

**By Plaintiff:**

Attached hereto as Attachment "F-1" for the plaintiff is a list of all the witnesses and their addresses:

**By Defendant:**

Attached hereto as Attachment "F-2" for the defendant is a list of all the witnesses and their addresses:

The list must designate the witnesses whom the party will have present at trial and those witnesses whom the party may have present at trial. Expert (any witness who might express an opinion under Rule 702), impeachment and rebuttal witnesses whose use as a witness can be reasonably anticipated must be included. Each party shall also attach to the list a reasonable specific summary of the expected testimony of each expert witness.

All of the other parties may rely upon a representation by a designated party that a witness will be present unless notice to the contrary is given ten (10) days prior to trial to allow the other party(s) to subpoena the witness or to obtain the witness' testimony by other means. Witnesses who are not included on the witness list (including expert, impeachment and rebuttal witnesses whose use should have been reasonably anticipated) will not be permitted to testify, unless expressly authorized by court order based upon a showing that the failure

to comply was justified.

19.

**By Plaintiff:**

Attached hereto as Attachment "G-1" for the plaintiff are the typed lists of all documentary and physical evidence that will be tendered at trial.

**By Defendant:**

Attached hereto as Attachment "G-2" for the defendant are the typed lists of all documentary and physical evidence that will be tendered at trial.

Learned treatises which are expected to be used at trial shall not be admitted as exhibits.  Counsel are required, however, to identify all such treatises under a separate heading on the party's exhibit list.

Each party's exhibits shall be numbered serially, beginning with 1, and without the inclusion of any alphabetical or numerical subparts.  Adequate space must be left on the left margin of each party's exhibit list for court stamping purposes.  A courtesy copy of each  party's list must be submitted for use by the judge.

Prior to trial, counsel shall mark the exhibits as numbered on the attached lists by affixing numbered yellow stickers to plaintiff's exhibits, numbered blue stickers to defendant's exhibits, and numbered white stickers to joint exhibits.

When there are multiple plaintiffs or defendants, the surname of the particular plaintiff or defendant shall be shown above the number on the stickers for that party's exhibits.

Specific objections to another party's exhibits must be typed on a separate page and must be attached to the exhibit list of the party against whom the objections are raised. Objections as to authenticity, privilege, competency, and, to the extent possible, relevancy of the exhibits shall be included. Any listed document to which an objection is not raised shall be deemed to have been stipulated as to authenticity by the parties and shall be admitted at trial without further proof of authenticity.

Unless otherwise noted, copies rather than originals of documentary evidence may be used at trial. Documentary or physical exhibits may not be submitted by counsel after filing of the pretrial order, except upon consent of all the parties or permission of the court. Exhibits so admitted must be numbered, inspected by counsel, and marked with stickers prior to trial. Counsel shall familiarize themselves with all exhibits (and the numbering thereof) prior to trial. Counsel will not be afforded time during trial to examine exhibits that are or should have been listed.

20.

The following designated portions of the testimony of the persons listed below may be introduced by deposition:

**By Plaintiff:**

**Plaintiff reserves the right to designate portions of testimony to be introduced by deposition of any witness not available as contemplated by Fed. R. R. Civ. P. 32(a)(4). In addition, Plaintiff reserves the right to take depositions of medical personnel and records custodians from Grady Hospital regarding the medical records and bills relating to treatment provided to Plaintiff.**

**By Defendant:**

**The City reserves the right to use at trial any depositions taken in this case in accordance with Fed. R. Civ. P. 32 and Fed. R. Evid. 803, 804, 805, 806, or 807.**

Any objections to the depositions of the foregoing persons or to any questions or answers in the depositions shall be filed in writing no later than the day the case is first scheduled for trial.  Objections not perfected in this manner will be deemed waived or abandoned.  All depositions shall be reviewed by counsel and all extraneous and unnecessary matter, including non-essential colloquy of counsel, shall be deleted. Depositions, whether preserved by  stenographic means or videotape, shall not go

16

out with the jury.

21.

Attached hereto as Attachments "H-1" for the plaintiff, "H-2" for the defendant, and "H-3", etc. for other parties, are any trial briefs which counsel may wish to file containing citations to legal authority.  Limitations, if any, regarding the format and length of trial briefs is a matter of individual practice which shall be established by each judge.

**By Plaintiff:**

**Plaintiff reserves the right to file trial briefs which counsel may wish to file containing citations to legal authority concerning evidentiary questions and any other legal issues which counsel anticipate will arise during the trial of the case.**

**By Defendant:**

**The City requests permission to file trial briefs, if any, with the Court ten (10) days prior to the start of trial, or such other time fixed by the Court.**

22.

In the event this is a case designated for trial to the court with a jury, requests for charge must be submitted no later than 9:30 a.m. on the date on which the case is calendared (or specially set) for trial. Requests which are not timely filed and which are not otherwise in compliance with LR 51.1, will not be considered.  In addition, each

party should attach to the requests to charge a short (not more than one (1) page) statement of that party's contentions, covering both claims and defenses, which the court may use in its charge to the jury.

Counsel are directed to refer to the latest edition of the Eleventh Circuit District Judges Association's Pattern Jury Instructions and Devitt and Blackmar's Federal Jury Practice and Instructions in preparing the requests to charge. For those issues not covered by the Pattern Instructions or Devitt and Blackmar, counsel are directed to extract the applicable legal principle (with minimum verbiage) from each cited authority.

**By Plaintiff:**

**Request to charge instructions will be provided pursuant to the instructions referenced herein.**

**By Defendant:**

**The City will provide request to charge instructions in accordance with the Court's instructions.**

23.

If counsel desire for the case to be submitted to the jury in a manner other than upon a general verdict, the form of submission agreed to by all counsel shall be shown in  Attachment "I" to this Pretrial Order. If counsel cannot agree on a special form of

submission, parties will propose their separate forms for the consideration of the court.

**By Plaintiff:**

**Plaintiff is agreeable to a general verdict form; however, plaintiff objects to Defendants' proposed verdict form attached as Attachment "I-2"**

**By Defendant:**

**The City's proposed verdict form is attached as Attachment "I-2".**

24.

Unless otherwise authorized by the court, arguments in all jury cases shall be limited to one-half hour for each side.  Should any party desire any additional time for argument, the request should be noted (and explained) herein.

25.

If the case is designated for trial to the court without a jury, counsel are directed to submit proposed finding of fact and conclusions of law not later than the opening of trial.

26.

Pursuant to LR 16.3, lead counsel and persons possessing settlement authority to bind the parties communicated via email May 12, 2021, to discuss in good faith the possibility of settlement of this case. The court (_) has or (**X**_) has not discussed settlement of this case with counsel. It appears at this time that there is:

19

(_____) A good possibility of settlement.

(_____) Some possibility of settlement.

(**X**) Little possibility of settlement.

(___) No possibility of settlement.

27.

Unless otherwise noted, the court will not consider this case for a special setting, and it will be scheduled by the clerk in accordance with the normal practice of the court.

28.

The plaintiff estimates that it will require **2-3** days to present its evidence. The defendant estimates that it will require **1-2** days to present its evidence. It is estimated that the total trial time is **5** days.

29.

IT IS HEREBY ORDERED that the above constitutes the pretrial order for the above captioned case (**X**) submitted by stipulation of the parties or (_____) approved by the court after conference with the parties.

IT IS FURTHER ORDERED that the foregoing, including the attachments thereto, constitutes the pretrial order in the above case and that it supersedes the pleadings which are hereby amended to conform hereto and that this pretrial order shall not be amended except by Order of the court to prevent manifest injustice. Any attempt

20

to reserve a right to amend or add to any part of the pretrial order after the pretrial order

has been filed shall be invalid and of no effect and shall not be binding upon any party or

the court, unless specifically authorized in writing by the court.

IT IS SO ORDERED this _____ day of_____, 2021.

_____
HONORABLE STEVEN D. GRIMBERG
UNITED STATES DISTRICT JUDGE

Each of the undersigned counsel for the parties hereby consents to entry of the
foregoing pretrial order, which has been prepared in accordance with the form pretrial
order adopted by this court.

*/s/ Shean D. Williams*                          */s/ Staci J. Miller*
_____          _____
Counsel for Plaintiffs                               Counsel for Defendant

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **DEMETRIC R. FAVORS,** | |
| **Plaintiff,** | |
| **v.** | **CIVIL ACTION FILE** <br> **NO. 1:17-CV-03996-SJC** |
| **CITY OF ATLANTA,** <br> **a municipal corporation of** <br> **the State of Georgia,** | |
| **Defendant.** | |

## CERTIFICATE OF SERVICE AND COMPLIANCE
## WITH LOCAL RULE 7.1(D)

This is to certify that I have this day electronically filed a copy of the foregoing Consolidated Pretrial Order with the Clerk of Court via the CM/ECF system, prepared as required by L.R. 5.1 (B), and will send notification and serve the following counsel of record:

Staci J. Miller
Alisha Marie S. Nair
City of Atlanta Law Department
55 Trinity Avenue SW, Suite 5000
Atlanta, GA 30303

This  _12th_ day of May, 2021.

THE COCHRAN FIRM ATLANTA

_/s/ Shean D. Williams_____
Shean D. Williams, Esq.
Georgia Bar No. 764139
Samuel L. Starks, Esq.
Georgia Bar No. 676515
**Attorneys for Plaintiff**

100 Peachtree Street NW
Suite 2600
Atlanta, GA 30303
Tel:  (404)222-9922
Fax:  (404)222-0170
Email:  swilliams@cochranfirmatl.com
        sstarks@cochranfirmatl.com

_/s/  ROBERT KENNER JR._
*(Signed by Shean Williams*
*with express permission)*
Mr. Robert Kenner Jr., Esq.
Georgia Bar No. 415028
**Attorney for the Plaintiff**

3992 Redan Road
Stone Mountain, GA  30083
Phone: (404) 292-9997
Fax: (404) 292-9998
robertkennerjrlaw@gmail.com