## Attachment "C"

Plaintiff's Outline of the Case

On October 10, 2015, Plaintiff FAVORS was an invitee at MAGIC CITY, located at 241 Forsyth Street, SW, Atlanta, Georgia 30303. On that day, Emanuel Thompson was employed as a police officer with the CITY OF ATLANTA. On the day in question, while at MAGIC CITY, Plaintiff FAVORS was eating food inside the club. Upon leaving the club, Plaintiff FAVORS entered a car that was parked in the parking lot where Thompson was on patrol duty.

As Plaintiff FAVORS was seated as a passenger in the vehicle driving out of the parking lot of the club, Thompson fired shots into their vehicle striking Plaintiff FAVORS in his right leg and on the right side of his hip. As a result, Plaintiff FAVORS suffered severe traumatic physical and emotional injuries, which resulted in him being transported by ambulance to Grady Hospital.

Prior to and during the time Thompson discharged his firearm into the vehicle where Plaintiff FAVORS was a passenger, he had committed no crimes, was not armed, and did not pose any threat of death or serious injury to Thompson or anyone else. Prior to and during the time Thompson discharged his firearm into the vehicle where Plaintiff FAVORS was a passenger, Plaintiff FAVORS had not engaged in any illegal or criminal activity that justified Thompson's use of his firearm.

Plaintiff's Claims Against City of Atlanta:

Plaintiff FAVORS claims against the CITY OF ATLANTA are based on 42 U.S.C. Section 1983, alleging that the CITY OF ATLANTA was deliberately indifferent by not providing adequate training and supervision on the tactical and legal limitations relating to shooting into a moving vehicle.  The claims against the CITY OF ATLANTA are not based on *respondeat superior* liability but are based on municipal liability premised on the CITY OF ATLANTA's failure to train and supervise Thompson.  The claims in this lawsuit are based on *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), and related cases from this Circuit.  (Doc. 110).

Plaintiff FAVORS claims against the CITY OF ATLANTA are based on allegations that Thomson was not adequately trained regarding use of deadly force in situations involving vehicles; that Thompson's academy training demonstrates that he was not proficient with decision making regarding the use of deadly force towards suspects in vehicles; that the CITY OF ATLANTA's academy and in-service training is inadequate regarding instructions concerning less lethal weapons and de-escalation techniques; and that Thompson did not receive the required in-service training regarding firearms and use of deadly force.

Specifically, Plaintiff FAVORS alleges that the CITY OF ATLANTA failed to comply with O.C.G.A. § 17-4-20 defining the circumstances that justify use of deadly force in Georgia, by failing to provide Thompson with a copy of the statute and mandatory training as required by O.C.G.A. § 17-4-20, which was the direct and proximate cause of Thompson shooting into a moving vehicle and injuring Favors in violation of O.C.G.A. § 17-4-20.  Plaintiff FAVORS also alleges that the CITY OF ATLANTA failed to provide Thompson with adequate academy and in-service training on use of deadly force, less lethal weapons, and de-escalation techniques, which was the direct and proximate cause of Thompson shooting into a moving vehicle and injuring Favors.  Finally, Plaintiff FAVORS alleges that the CITY OF ATLANTA violated its Use of Force policy (APD.SOP.3010) by failing to provide Thompson with a copy of the policy, failing to properly document use of force incidents, and failing to adequately investigate and evaluate officer involved shootings for training purposes, which was the direct and proximate cause of Thompson shooting into a moving vehicle and injuring Favors.

Damages Sought by Plaintiff:

Plaintiff FAVORS will seek compensatory damages from the CITY OF ATLANTA based on his past, present, and future physical and emotional pain and suffering to be determined by the enlightened conscience of the jury, along with

special damages for medical expenses he incurred in the amount of $114,841.44. Plaintiff FAVORS will also seek attorney's fees from the CITY OF ATLANTA pursuant to 42 U.S.C. § 1988.  See *Association of Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357 (11th Cir. 2006); and *Hensley v. Exkerhart*, 461 U.S. 424 (1983). Under Georgia law, general and special damages are defined under O.C.G.A. Sections 51-12-1 and 51-2-2, and pain and suffering under O.C.G.A. Section 9-10-184.

Plaintiff FAVORS is entitled to full and reasonable compensation for all of his damages based on what is fair in light of the evidence, including the following: compensation for the reasonable value of medical care that was reasonably needed and actually obtained; compensation for his physical injuries, including ill health, physical pain and suffering, disability, disfigurement, and discomfort, including such physical harm that he is reasonably certain to experience in the future; and compensation for his mental and emotional distress, impairment of reputation, and personal humiliation, including such mental or emotional harm that he is reasonably expected to experience in the future.

**Cases**

*Allen v. Tyson Foods, Inc.,* 121 F.3d 642 (11th Cir. 1997)
*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986)
*City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989)

*Christopher Cantu v. City of Dothan*, *Ala.*, 2020 U.S. APP LEXIS 28074 (11th Cir. 2020)
*Davis v. Williams,* 451 F.3d 759 (11th Cir. 2006)
*Depew v. City of St. Marys*, 787 F.2d 1496 (11th Cir. 1986)
*Kesinger v. Herrington*, 381 F.3d 1243 (11th Cir. 2004)
*Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)
*Harris v. Coweta County*, 2003 U.S. Dist. LEXIS 27348\* (N.D. Ga. 2003)
*Haves v. City of Miami,* 52 F.3d 918 (11th Cir. 1995)
*Hickson Corp.* v. *N. Crossarm Co.,* 357 F.3d 1256 (11th Cir. 2004)
*Ledbetter v. Goodyear Tire & Rubber Co.,* 421 F.3d 1169 (11th Cir. 2005)
*Martin v. City of Macon*, 702 Fed. Appx. 941, 944 (11th Cir. 2017)
*Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978)
*Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333 (11th Cir. 2003)
*Reese v. Herbert,* 527 F.3d 1253 (11th Cir. 2008)
*Reeves v. Sanderson Plumbing, Inc.,* 530 U.S. 133 (2000)
*Sewell v. Town of Lake Hamilton*, 117 F.3d 488 (11th Cir. 1997)
*Shook v. Unites States,* 713 F.2d 662 (11th Cir. 1983)
*Stewart* v. *Booker T. Washington Inc.,* 232 F.3d 844 (11th Cir. 2000)
*Swofford v. Eslinger*, 686 F. Supp. 2d 1277, 1284 (M.D. Fla., Nov. 30, 2009)
*Toland v. Cotton, 572 U.S. 650 (2014)*
*Vineyard v. County of Murray*, 990 F.2d 1207 (11th Cir. 1993)
*Young v. City of Augusta, Ga.,* 59 F.3d 1160 (11th Cir. 1995)
*Warrior Tombigbee Transportation Co. v. M/V Nan Fung,* 695 F.2d 1294 (11th Cir.1983)

**Statutes**

42 U.S.C. § 1983
O.C.G.A. § 17-4-20
O.C.G.A. § 16-11-131(e)

**Rules**

Fed. R. Civ. P. 56(a)
Federal Rule of Evidence 702

5